Sharpe, Admr. of Allison, *v.* Scheible, Appellant.   162      341
d 27 SC ¹624

*Waters and water courses—Dominant and servient tenement—Artificial water course—Obstruction—Damage.*

Where an owner of land, one part of which is lower than the other, digs a ditch over both parts to serve as a surface water course, and then sells the lower part to one purchaser and the upper part to another, the former takes subject to the servitude imposed upon the land by his vendor.

In such a case the lower owner is responsible to the upper owner for damages caused by the former's obstruction of the natural flow of water.

Argued March 6, 1894. Appeal, No. 107, Jan. T., 1893, by defendant, John G. Scheible, from judgment of C. P. Franklin Co., April T., 1892, No. 35, on verdict for plaintiff, Helena Allison, whose administrator, Walter K. Sharpe, was substituted before judgment. Before Sterrett, C. J., Green, Mitchell, Dean and Fell, JJ. Affirmed.

Trespass for flooding plaintiff's premises.

The facts appear by the opinion of the Supreme Court.

The court charged in part as follows by Stewart, P. J.:

" Now the plaintiff contends that, Wanamaker having constructed that ditch or drain by which the water which accumulated on Market street flowed over and across plaintiff's premises into and upon that section of the Wanamaker lot which was purchased in 1872 by Scheible, she has the right to conduct this flow of water in the same way across her premises by that drain and discharge it upon this lot of defendant. There is nothing

in her deed which gives her this right. Nor is there anything in the deed to Scheible which subjects his property to that servitude. [But a servitude of this kind may be created in another way. I said Mr. Wanamaker had a right to subject his premises to a burden which resulted from a condition of things which he himself had created. Now when the property came to be subdivided, the party buying that section of the property, which is benefited by the servitude which the original owner impressed upon that property, would have a right to have it continued if, when he bought, the same was clearly defined upon the premises. But where it does not lie in grant and is not apparent, he can only enforce it against a subsequent purchaser of the property sought to be charged, by actual notice to the party that the property he is about to buy is subjected to such an easement. But where it is apparent on the face of things themselves that that servitude has been impressed upon the premises, then such subsequent purchaser is bound to take notice of it. If by the appearance of the property itself a party ought to see that the property has been so subjected, the law charges him with notice. He takes the property charged with that servitude just as though written in his deed.] [1] . . . .

" It is not a question of interrupting the flow of surface water as we ordinarily understand it. By surface water we mean water which accumulates upon one's premises from rain or snow and runs off on the premises of another. The declaration does not charge that the defendant obstructed the flow of the surface from her premises alone, but water which came from Market street, through gutters, sewers and drains, and which had an established channel across the plaintiff's lot and discharged itself upon the defendant's premises, constantly or continuously." [Just here I may say that the circumstance of these premises being within the borough limits is without significance in this controversy. The law which I have given you applies whether the premises are within or beyond the borough limits.] [2] . . . .

" You will remember, however, that the defendant is liable only for the injury, if any, which resulted from his own act, and not for what resulted, if any, from the acts of others. If the flooding of the plaintiff's premises was in consequence of what was done by several, including the defendant, you must not hold him answerable for the entire result, but simply for

the consequences which are traceable to his interference. [If by recent grading of the public streets a greater volume of water than Wanamaker originally provided for has been thrown into this channel, more than it can carry off, the defendant would have the right to protect his premises against the increased flow, but he would not be warranted in shutting up this drain to protect himself against this increased flow, if by so doing he flooded the plaintiff's premises or increased the flooding of the same to any extent.] [3] In a word, if you find for the plaintiff, then in assessing the damages you will have regard only to so much of the flooding of plaintiff's premises as resulted from the defendant's act, leaving out of consideration the flooding which resulted from increased drainage occasioned by change of grade in the streets or from other cause, if any there was."

Defendant's points were among others as follows :

" 1. The matter complained of in this case being wholly surface water, if the jury believe from the evidence that the flow of said surface water was greatly increased after the defendant purchased his lot in 1872, by reason of a much larger area being drained thereupon, he, the defendant, was not bound to submit to such increased flow, but could lawfully fill up his property to protect it against such increased flow and throw the water upon the alley between his lot and that of the plaintiff. *Answer :* I answer that in this way : The defendant's right to dam the water back upon the alley is not relevant to this issue. It is not the flooding of the alley that is complained of, but the flooding of the plaintiff's lot. The proposition therefore is irrelevant and requires no answer at our hands." [4]

" 2. In cities and incorporated towns every lot owner may so grade and regulate his lot as to prevent the flow of surface water upon it, and if in so doing he throws the water which formerly flowed upon him, upon an alley from which it flowed upon the lot of another, he is not responsible to such third person therefor. *Answer :* This proposition has no relevancy to the facts of this case, and any instruction thereon could not aid the jury in the determination of this case." [5]

Verdict and judgment for plaintiff for $200.

*Errors assigned* were (1–5) instructions, quoting them.

*J. D. Ludwig* and *O. C. Bowers* for appellant.—In cities and boroughs the owner of a lower lot is not bound to submit to the flow of surface water upon his lot from a higher one : Bentz v. Armstrong, 8 W. & S. 40 ; Kauffman v. Greisemer, 26 Pa., on p. 413 ; Comrs. v. Wood, 10 Pa. 97.

The owner of lands over which surface water naturally flows is not bound to submit to an increased flow, caused by draining more territory artificially, or closing up other drains : Limerick & Colebrookedale Turnpike Co.'s Ap., 80 Pa. 425 ; Darlington v. Painter, 7 Pa. 473 ; Huddleston v. West Bellevue, 111 Pa. 110.

Defendant had not only the right to turn the water back upon the alley as he did, but also the right to drain his lot upon the alley : Young v. Leedom, 67 Pa. 351.

*J. W. Sharpe, W. K. Sharpe* and *William Alexander* with him, for appellee.—A natural and well defined water course for the water from rains and melting snows has all the incidents of a running stream, and the law applies to incorporated towns as well as rural districts : Martin v. Riddle, 26 Pa. 415 ; Kauffman v. Greisemer, 26 Pa. 407 : Miller v. Laubach, 47 Pa. 154 ; Rhoads v. Davidheiser, 133 Pa. 226 ; Trickett on Boroughs, 409 ; Earl v. De Hart, 1 Beasley's Ch. (N. J.) 280.

Plaintiff purchased with the benefit and defendant with the burden ; and the law will not relieve one at the expense of the other : Seibert v. Levan, 8 Pa. 383 ; Kieffer v. Imhoff, 26 Pa. 542 ; Phillips v. Phillips, 48 Pa. 184 ; Canon v. Boyd, 73 Pa. 179 ; Zell's Exrs. v. Universalist Soc., 119 Pa. 390.

While not material to this case, it is established that a borough can connect its sewers and drainage with any natural channel ; and even if the water is increased, the channel cannot be obstructed : Munn v. Pittsburg, 40 Pa. 364 ; Elliott v. Oil City, 129 Pa. 570.

Opinion by Mr. Justice Fell, July 11, 1894 :

This action was to recover damages caused by the obstruction of a surface drain by reason of which rain water backed upon and overflowed the plaintiff's premises. W. H. Wanamaker owned a tract of some five acres of ground in what is now the borough of Chambersburg. The rain water which

fell on the higher ground in the vicinity and accumulated in
the street upon which the lot fronted, flowed thence through an
opening which was a well-defined surface water course, and
spread over the land.   In 1867 W. H. Wanamaker changed
the opening from the street to a point a few feet distant and
constructed a ditch by which the water, which before had run
upon and over his land, was conducted to a pond in the back
part of his lot.   His purpose in making the change was two-
fold ; to relieve the front of his lot from the flow of water so
that he could improve it, and to collect the water in a pond at
the rear where he could utilize it in manufacturing bricks.   He
erected a number of small dwelling houses on the front, one of
which he sold to the plaintiff in 1867 ; and in 1872 he sold the
whole of the back part to the defendant.

When these sales were made the ditch was a well-defined
surface water course two or three feet deep and as many wide,
which conducted the rain water, which otherwise would have
run over the surface, to the pond mentioned.   By a recent
grading of the street the flow of water in the ditch has been
somewhat increased, and the defendant, to avoid injury there-
from, placed obstructions in the ditch at the point where it
enters his land, causing the overflow which injured the prop-
erty of the plaintiff.   The case has been argued here upon the
right of the owner of a lower lot of land to shut off the surface
water flowing from a higher one.   It was submitted to the jury
upon the trial as involving only the question of servitude im-
posed upon the defendant's land by the former owner of both
properties.

We are of opinion that this submission included the only
question in the case, and that the instruction to the jury on
the subject was accurate and full.   The grantor of both plain-
tiff and defendant while he was the owner of the whole prop-
erty changed the natural channel to adapt the parts to the
uses to which he intended to put them.   This created an ease-
ment in favor of the land which he conveyed to the plaintiff,
and imposed a servitude upon that which he afterwards con-
veyed to the defendant.   Both parties bought with notice of
this, and both are bound by it.   The charge of the learned
judge carefully guarded the defendant from a recovery for in-
juries caused by an increased flow of water resulting from a

change of grade of the streets by the borough authorities, and left him liable only for his own act in diverting the water which would have run upon his property before the change of grade.

The judgment is affirmed.