## Empire Steel & Iron Company, Appellant, *v.*Lawrence.

*Trespass—Easement—Deed—Evidence.*

In an action of trespass it appeared that the owners of blast furnaces, owning also a small tract of land, connected the latter with the furnaces by means of a railroad, and used it for cinder dumpage and storage. While so using the small tract they sold and conveyed the furnaces with the appurtenances to the plaintiff. Subsequently they conveyed the small tract to the defendant. The defendant then tore up the track which the plaintiff continued to maintain upon the small tract of land, and appropriated the materials to his own use. The evidence clearly established that the railroad belonged to the plaintiff. *Held,* that defendant was liable to plaintiff in the action of trespass for the damages resulting from the unlawful conversion of the railroad tracks.

Argued Nov. 18, 1904. Appeal, No. 198, Oct. T., 1904, by plaintiff, from judgment of C. P. Berks Co., Sept. T., 1903, No. 41, for defendant, non obstante veredicto in case of Empire Steel & Iron Company v. John L. Lawrence. Before RICE, P. J., ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Trespass for injuries to land. Before ENDLICH, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $650 subject to question of law reserved.

The court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Cyrus G. Derr*, for appellant.—Where the owner of two tracts of land so improves and adjusts them to each other that one of the tracts is thereby subjected to the necessary or convenient use of the other, the property so subjected becomes impressed with a servitude and the two properties are made to bear to each other the relation of servient and dominant tenements, and if such adjustment of the properties to each other be visible and notorious and of a character from which it may

fairly be presumed that the owner intended a preservation of such servitude as necessary to the convenient enjoyment of the dominant property, then a sale and grant of the dominant property with its appurtenances vest in the grantee as incident to the dominant estate the right to have the servient estate remain subject to such servitude, and because the facts are visible and notorious, a purchaser of the servient estate acquires no right or title beyond that which his vendor possessed, but takes the property subject to the servitude which his vendor imposed upon it: Wright v. Chestnut Hill Iron Ore Co., 45 Pa. 475 ; Held v. McBride, 3 Pa. Superior Ct. 155 ; Building Assn. v. Getty, 11 Phila. 305 ; Manbeck v. Jones, 190 Pa. 171 ; Friend v. Oil Well Supply Co., 179 Pa. 290 ; Kieffer v. Imhoff, 26 Pa. 438 ; Phillips v. Phillips, 48 Pa. 178 ; Sharpe v. Schible, 162 Pa. 341 ; Blaine's Lessee v. Chambers, 1 S. & R. § 169 ; Zell v. Universalist Society, 119 Pa. 390 ; Seibert v. Levan, 8 Pa. 383 ; Swartz v. Swartz, 4 Pa. 353 ; Thomas v. Owen, L. R. 20 Queen's Bench Div. 225 ; Voorhees v. Burchard, 55 N. Y. 98 ; Big Mountain Improvement Co.'s App., 54 Pa. 361 ; Berry v. Fletcher, 3 Fed. Cas. 286.

*Jefferson Snyder*, with him *William J. Rourke*, for appellee, cited : Phillips v. Phillips, 48 Pa. 178 ; Francies's App., 96 Pa. 200.

OPINION BY MORRISON, J., April 17, 1905 :

In this action of trespass the plaintiff averred its ownership and possession, in fee simple, of certain lands, with blast furnaces erected thereon, and in the declaration these lands are accurately described and said to contain about twelve acres. In the declaration it is further averred as follows: " To which furnace property there is, and was, appurtenant the right to dump and store cinder upon and use for furnace purposes a certain tract of land lying and being partly in the city of Reading and partly in the township of Cumru, bounded by the railroad of the Philadelphia & Reading Railway Company, a public road known as the White House road, and property now or late of Eckert Brothers.

"Upon the said tract of land last described the plaintiff company had and maintained a railway, consisting of ties and

sills and railroad iron, which railway connected the last described property with the furnace property aforesaid, and upon and over which railway the plaintiff transported the cinder from its furnaces to be dumped and stored upon the said land."

"The defendant, on or about April 15, 1903, while the plaintiff company was seized of the said furnace property and appurtenance, unlawfully tore up and removed the said railway, and appropriated the materials which composed the same to his own use, to the damage of the plaintiff in the sum of $5,000, for the recovery of which this suit is brought."

To this declaration the defendant pleaded not guilty, and upon this issue the case was tried.

At the conclusion of the evidence the defendant presented the following point : "There is no evidence in this case showing such a right on the part of the plaintiff in this property, or to the use of the property, as will enable it to recover for a removal of the tracks by the defendant which had been used for the dumpage of cinder upon the said tract." This point the court marked " Reserved."

The parties agreed upon a verdict for the plaintiff for $650, on condition that a rule be entered upon the plaintiff to show cause why judgment should not be entered for the defendant non obstante veredicto upon the said point reserved. The court after hearing made the rule absolute, and entered a judgment for the defendant, non obstante veredicto. From this judgment the plaintiff appealed.

The undisputed evidence in the case clearly shows that the plaintiff company purchased the Henry Clay furnace property, and took title by deeds which clearly and accurately described the land, and the description does not include the three and three-quarters acres of land described in the declaration, upon which the railway was laid and operated for the transporting and dumping of cinder. It is not pretended that in the description of the land conveyed to the plaintiff there was any accident, fraud, or mistake, and therefore the learned counsel for the plaintiff does not contend that any sufficient reason exists for reforming the deeds, nor has he convinced us that the plaintiff has any such title or right of possession in the land used for dumpage or storage purposes as would support an action in ejectment. But he does contend, and the evidence

clearly shows, that the lot of land was for a long time in the actual possession of the plaintiff and its predecessor in title, and that it was used as a dumpage and storage ground for cinder from the furnaces without objection .from anyone, and that it was physically connected with the furnaces by the railway described in the declaration.   In addition to this he contends, and the evidence clearly shows, that the railway and the materials of which it was constructed, belonged to the plaintiff.   That the connection of the said lands with the furnaces and their use aforesaid, was conspicuous and the land could not be looked upon without observing them.

The defendant having subsequently acquired from plaintiff's grantor a conveyance which embraced the said three and three-quarters acres, tore up the plaintiff's track upon the said land and appropriated the materials which composed the same to his own use.   It cannot be contended that the plaintiff was a trespasser in using this land because the evidence clearly shows that such use had existed for a long time without objection and apparently with consent of the owner.   Now conceding, as we must, that the defendant being the owner of this land, had a right to have the plaintiff remove therefrom its personal property, to wit: the said railroad and its material, yet this did not give him the right to tear up said railroad and appropriate the materials which composed it to his own use.

There is nothing in this case to show that the plaintiff's railway was put upon the land, now claimed by the defendant, by a wrongdoer in such a way as to entitle the owner of the land to appropriate it as an improvement to or a part of his real estate.   Conceding the ownership of the land to the defendant we cannot see anything in the case to justify the court in assuming that he could appropriate to his own use the plaintiff's personal property, because he had recently purchased the land on which it was being used.

The declaration claims damages for this property and we must assume now that the verdict represents its fair value, and entertaining this view it follows that in our opinion the court erred in not entering judgment on the verdict.

The plaintiff's grantors owned the furnace property and also the three and three-quarters acres mentioned, and while so owning both and operating the furnaces, they constructed the bridge

and railway from the furnaces to the three and three-quarters acre-tract, and upon it, and were using it when they conveyed to the plaintiffs.   By this sale we think the plaintiff took title to the railway and .its material.   Then after plaintiff took possession under its purchase, the Eckerts sold and conveyed to defendant the said three and three-quarters acre-tract.

The learned counsel for plaintiff argues with much ability that the said three and three-quarters acre-tract, although not included in the conveyance to the plaintiff, passed to it as appurtenant to the furnace property and land actually described in the deed.   In support of this proposition he relies on the following authorities : Wright v. Chestnut Hill Iron Ore Co., 45 Pa. 475 ; Held v. McBride, 3 Pa. Superior Ct. 155 ; Building Ass'n v. Getty, 11 Phila. 305 ; Manbeck v. Jones, 190 Pa. 171 ; Friend v. Oil Well Supply Co., 179 Pa. 290 ; Kieffer v. Imhoff, 26 Pa. 438 ; Phillips v. Phillips, 48 Pa. 178 ; Sharpe v. Scheible, 162 Pa. 341 ; Blaine's Lessee v. Chambers, 1 S. & R. 169 ; Zell v. Universalist Society, 119 Pa. 390 ; Seibert v. Levan, 8 Pa. 383 ; Swartz v. Swartz, 4 Pa. 353 ; Thomas v. Owen, L. R. 20 Queen's Bench Division, 225 ; Voorhees v. Burchard, 55 N. Y. 98 ; Big Mountain Improvement Co. 's Appeal, 54 Pa. 361 ; Murphy v. Campbell, 4 Pa. 480.

A majority of the judges who sat in this case agree that these cases, and the principles established by them, are not sufficient to sustain the contention of the plaintiff that the three and three-quarters acre-tract passed as an appurtenance to the property actually conveyed.   We think, each and all of said cases, on their facts, are distinguishable from the one under consideration.

Upon the main question, we think the opinion of the learned judge of the court below sufficiently vindicates his conclusion that the plaintiff took no such title or right of user to the three and three-quarters acre-tract as to entitle it to maintain trespass for damages to the land.   The last paragraph of the opinion of the learned court is as follows : " The conclusion would then appear to be irresistible that, having due regard both to the terms of the conveyance by the Eckerts to the plaintiff and to the circumstances and the visible condition of things at the time of the purchase, the plaintiff acquired no right over any part of the property subsequently conveyed to the defendant,

and that there is no evidence in this case entitling the plaintiff to recover."

We can all go with the learned court in his conclusion so far as it applies strictly to the land referred to.   But the majority of us cannot agree " that there is no evidence in this case entitling the plaintiff to recover."   We have already said that the damages claimed is for tearing up and removing the railway and appropriating the materials which composed the same to the defendant's own use.   In our opinion upon the declaration and the evidence the plaintiff was entitled to recover, not for damages to the land, but for the unlawful conversion of its personal property to his own use by the defendant.

The assignment of error is sustained and the judgment is reversed, and it is now ordered that judgment be entered in favor of the plaintiff upon the verdict.   And it is further ordered that the appellee pay the costs of this appeal.

RICE, P. J., dissenting:

The question reserved was whether there was any " evidence in this case showing such a right on the part of the plaintiff in this property, or to the use of this property as will entitle it to recover for a removal of the tracks by the defendant which had been used for the dumpage of cinders upon said tract."   The property here referred to is the land, not the tracks.   The trespass under this statement of the case was the removal of the tracks, but that was not a trespass if the plaintiff had no right in the land.   The question was informally and awkwardly reserved, but no exception was taken in the court below to the form or the substance of the reservation, and no objection upon that ground was raised upon the argument before us.   There is nothing in the appellant's brief or the opinion of the court below to indicate that it does not present the question upon which the case turns.   No other question is discussed in either of them.   The majority of the judges of this court agree that the question thus reserved was correctly decided by the learned judge below.   This being so, I am of opinion that we are not called upon to consider any other question.   Judge Smith authorizes me to say that he concurs in this dissent.