# DeForest v. Northwest Townsite Company, Appellant.

*Corporation—Power of president—Contract of employment—Ratification by directors—Question for jury.*

Although a contract of employment made by the president of a corporation may not be binding upon the company because of the lack of power of the president to make it, yet if the directors accept services under the contract, and fail to disavow within a reasonable time, their acquiescence in the arrangement may operate as ratification, and bind the company. Ratification may be made by formal action, or by passive acquiescence, but in either event, such acts must be established as will warrant the proper finding. The burden is on the plaintiff to show such acquiescence in, knowledge of, and adoption of his services by the corporation, as will warrant a jury under instructions as to the law, in finding a ratification.

Argued March 19, 1912. Appeal, No. 3, Jan. T., 1912, by defendant, from order of C. P. No. 1, Phila. Co., Sept. T., 1911, No. 3850, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Charles M. DeForest v. Northwest Townsite Company. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Reversed.

Assumpsit to recover damages for breach of a contract to employ the plaintiff for a stated period.

Daniel F. Deal, the treasurer of the defendant, filed an affidavit of defense which was as follows:

In and by said statement plaintiff avers that on or about the 26th of May, 1911, the defendant, through its president, George M. Bailey made a proposal to the plaintiff which was accepted, offering to hire him for the term or period of one year from the 26th of May, 1911, a copy of said proposal and acceptance being annexed to his statement as Exhibit A thereof; that in and by said proposal, reference thereunto being had, it will appear

that the position of fiscal agent or assistant treasurer of this company was tendered to the said plaintiff, and his compensation provided for as follows:

"We will pay you an overwriting commission of 2½ per cent. on all sales of stock above described effected by you and your agents. On the amount of treasury stock remaining unsold this commission would amount to more than $5,000. We will allow you a drawing account at the rate of $50 per week, if you wish, from the commencement of your work, and will credit your account with the 2½ per cent. commission as fast as sales are made.

"In further consideration for your services, and as evidence of our confidence in your ability, we guarantee that your income from this work will be at least $5,000 by the end of a year."

The by-laws of said corporation, a copy of which are hereunto annexed as Exhibit 1 of this affidavit of defense, provide, among other things, as follows:

"Article II.
"*Board of Directors.*

"1. The business and affairs of the company shall be managed and controlled by a board of directors, three in number.

"Article V.
"*Officers.*

"2. Subordinate Officers.—The board may appoint such other officers as it may deem necessary, who shall have such authority and shall perform such duties as, from time to time, may be prescribed by the board.

"4. Tenure of Officers, Removal.—All officers and agents, except the president, shall be subject to removal at any time by the affirmative vote of a majority of the whole board. The board may delegate the power of removal of subordinate officers and agents to the executive committee or to any officer.

"5. The President.—The president shall be the chief

executive officer of the company. He shall preside at all meetings of the stockholders and the board of directors. He shall have general charge of the business of the company, shall sign and execute all authorized bonds, contracts or other obligations in the name of the company, and with the treasurer shall sign all certificates of stock of the company, he shall do and perform such other duties as from time to time may be assigned to him by the board."

On the 14th of June, 1911, without the letter, "Exhibit A" or its contents, as aforesaid, being communicated to the board of directors, I having no knowledge of its contents and being a member of the board of directors and personally present at that time, the plaintiff was elected assistant treasurer of the corporation defendant, a copy of the minute electing him such treasurer being in the following language:

"Upon motion, duly seconded, Mr. William S. Reed was elected secretary of the company in place of Mr. Franklin Vreeland, resigned, and Mr. Charles M. DeForrest was elected assistant treasurer under the provisions of Article V, Section 2, of the by-laws of the Northwest Townsite Company."

Thereupon the said plaintiff accepted the position of assistant treasurer to which he had been elected, and entered upon the performance of his duties. Immediately prior to the 1st of August, 1911, I learned of the existence of this contract contained in plaintiff's Exhibit A for the first time and I thereupon informed the plaintiff that I was going to bring it to the attention of the board of directors for their action. The next meeting of the board of directors of the company was on August 1st, 1911, and at that meeting I brought the matter to the attention of said board of directors, who thereupon disapproved of said contract. The minute in reference thereto being expressed in the following language:

"The matter of making advances to the stock selling

force was then taken up and the letter of agreement between Mr. Charles M. DeForest and Mr. George M. Bailey, president of the company, was then read, and the entire matter disapproved of. Upon motion of Mr. John P. Whitney, seconded by Mr. Daniel F. Deal, a resolution was adopted authorizing Mr. Daniel F. Deal, vice-president of the company, to secure the services of a competent attorney for the purpose of passing an opinion upon the legality of and how far the actions of the president in entering into this agreement with Mr. Charles M. DeForest without consulting the board of directors was binding on the company."

At a meeting of the board of directors, held August 29th, 1911, the following resolution was passed:

"Upon motion of Mr. Reynolds, seconded by Mr. Whitney, a resolution was passed declaring the office of assistant treasurer now held by Mr. C. M. DeForest vacant, and the secretary instructed to notify Mr. DeForest of such resolution, also the banks and trust companies."

And in accordance with this resolution the plaintiff was notified that he was removed from the office of assistant treasurer and the office declared vacant. Deponent further says that plaintiff made sales of stock for account of the defendant and from time to time rendered statements of account for the same, his commissions thereon amounting to $1,095.50, which have been paid to him, and the sales of stock so made by plaintiff was the only benefit conferred by the said plaintiff upon the said defendant, which has been accepted by it and the same has been fully compensated for at the price and value which the plaintiff claimed and demanded.

Deponent further avers that the said George M. Bailey, president of the company, had no authority of any kind whatsoever to execute said agreement, Exhibit A of plaintiff's statement, so as to make the same binding upon the company defendant except as pro-

vided in the by-laws hereinbefore referred to, and deponent is advised by counsel, verily believes and therefore avers that the said by-laws do not confer authority upon the said George M. Bailey as president of the corporation defendant to make the contract sued on, wherein and whereby among other things the defendant should be bound to guarantee to the plaintiff that his income from his work will be at least $5,000 by the end of the year. And he is further advised, verily believes, and therefore avers, that said contract in any of its particulars, is not binding upon the corporation defendant save and except only as it has accepted the benefits thereof, which benefits have been fully paid and satisfied, as is hereinbefore set forth.

All of which deponent verily believes and expects to be able to prove on the trial of the cause.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*M. Hampton Todd,* for appellant.—Under the by-laws of the corporation defendant the president was not authorized to make or execute the contract sued on: Cooper v. Lampeter Twp., 8 Watts 125; Allegheny County Workhouse v. Moore, 95 Pa. 408; Twelfth Street Market Co. v. Jackson, 102 Pa. 269; Millward-Cliff Cracker Co.'s Est., 161 Pa. 157.

Plaintiff having been elected assistant treasurer of the company and having accepted that office he thereby became subject to Section 4, Article 5 of the by-laws, and under this by-law the board of directors had a right to terminate his employment and remove him from office at any time.

There was no ratification: Allegheny County Workhouse v. Moore, 95 Pa. 408; Schurr v. Investment Co., 18 N. Y. Supp. 454; Pacific Rolling Mill v. Dayton, Etc., Railway Co., 5 Fed. Repr. 852; Russell v. Erie R. R. Co., 67 L. R. A. 433.

130 DeFOREST *v.* N. W. TOWNSITE CO., Appellant.

*H. D. Wescott*, of *Wescott, Wescott & McManus*, for appellee.—The facts constitute a ratification by acquiescence after knowledge: Moller v. Fibre Co., 187 Pa. 553; Watts's App., 78 Pa. 370; Gordon v. Preston, 1 Watts 385; Allen v. Colliery Engineers Co., 196 Pa. 512; Hand v. Coal Co., 143 Pa. 408; Pittsburgh, Cincinnati & St. Louis Ry. Co. v. Keokuk, Etc., Bridge Co., 131 U. S. 371 (9 Superior Ct. Repr. 770) ; Pannebaker v. Tuscarora Valley R. R. Co., 219 Pa. 60; Bellman v. Ry. Co., 31 Pa. Superior Ct. 389; Andersen Coal Mining Co. v. Sloan, 46 Pa. Superior Ct. 320.

OPINION BY MR. JUSTICE ELKIN, April 15, 1912:

Judgment was entered in the court below for want of a sufficient affidavit of defense, and the question here is whether this was error. Suit was brought to recover an alleged balance claimed to be due on a guaranteed annual salary. The contract sued on was made by the president of the corporation without the authority of the board of directors. It is contended for the corporation that no liability attaches to it because the contract was made without authority; while, on the other hand, the appellee here, who was a party to the contract, urges that even if the contract was made without authority in the first instance, the board of directors assented to its terms by acquiescence and thus bound the corporation by ratification. There is no doubt that the board of directors had the power to make the contract relied on to sustain this action, and although that power may not have been exercised in a manner to make it binding on the corporation in the first instance, subsequent ratification may give it binding effect: Kelsey v. National Bank, 69 Pa. 426; Manhattan Hardware Co. v. Phalen, 128 Pa. 110; Wayne Title & Trust Co. v. Railway Company, 191 Pa. 90; Greensboro Gas Co. v. Oil & Gas Co., 222 Pa. 4. We cannot agree with the argument of the learned counsel for appellant, that

upon the facts disclosed by this record, the court should
say as a matter of law that no liability attached to the
defendant corporation under the contract upon which
suit was brought.  The president may have exceeded
his authority, and no doubt did so, but the question still
remains whether the board of directors accepted the
services of appellee under the terms of that contract,
and by failing to disavow it within a reasonable time,
acquiesced in the arrangement to such an extent as to
operate as a ratification.  Then, again, who shall de-
termine whether there was a ratification?  Shall the
court say as a matter of law that there was a ratifica-
tion, or shall this question be submitted to the jury
under proper instructions?  In some cases this ques-
tion is for the court and in others for the jury.  It de-
pends upon the facts in each particular case.  In the
case at bar, we have concluded, upon the facts presented
by the pleadings, the court was not warranted in holding
as a matter of law that there was a ratification.  The
affidavit of defense was sufficient to prevent judgment
and to make it necessary for a trial upon the merits.
We agree that ratification may be made by formal ac-
tion, or by passive acquiescence, but in either event,
such facts must be established as will warrant the
proper finding.  In the present case the ratification re-
lied on by appellee depends upon certain facts and as
we view the record these facts are for the jury.  The
burden will be on the plaintiff to show such acquiescence
in, knowledge of, and adoption of his services by the
corporation, as will warrant the jury under instructions
as to the law, in finding a ratification.

Judgment reversed and record remitted in order that
the case may be tried on its merits.