## DeForest, Appellant, *v.* Northwest Townsite Co.

*Corporations — By-laws — Officers — Employees — Authority—Contract—Ratification—Foreign corporations.*

1. In an action to recover for the breach of a written contract of employment for one year, it appeared that the contract was executed by the president of the defendant corporation; that the

by-laws of defendant corporation gave no authority to the president to make any such contract; that there was no ratification, but as soon as the board of directors learned thereof they repudiated it; that plaintiff had been paid for the services rendered by him; and that he sued exclusively for the breach of the contract of employment for the remainder of its term, he having been discharged without cause. *Held,* the lower court was correct in entering judgment for the defendant.

2. A contract with an unauthorized officer of a corporation is not enforceable, unless there is some evidence of ratification, or a course of dealing with the plaintiff, indicating that the officer was vested with authority.

3. The fact that in such case the corporation was organized under the laws of another state is not material. It is not an interference with the internal affairs of a foreign corporation to enforce its by-laws in such case.

Argued April 3, 1913. Appeal, No. 89, Jan. T., 1913, by plaintiff, from judgment of C. P. No. 1, Philadelphia Co., Sept. T., 1911, No. 3850, on directed verdict for defendant in case of Charles M. DeForest v. Northwest Townsite Company. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a contract. Before BREGY, P. J.

The facts appear in the opinion of the Supreme Court and in 236 Pa. ~~135.~~ *1 ▸5*

Verdict for defendant by direction of the court and judgment thereon. Plaintiff appealed.

*Error assigned* was the direction of a verdict for the defendant and overruling plaintiff's motion for judgment n. o. v.

*Harry D. Wescott,* of *Westcott, Westcott & McManus,* for appellant.—The company cannot repudiate the contract: Gordan v. Preston, 11 Watts 365; Bank of Penna. v. Reed, 1 W. & S. 101; Kelsey v. Natl. Bank, 69 Pa. 426.

The defendant is a New Jersey corporation, and its charter or by-laws have no force in Pennsylvania where the contract was made: Delaware, Etc., Co. v. Bethle-

hem, Etc., Co., 204 Pa. 25; Schoenhofen Brewing Co.'s License, 8 Pa. Sup. Ct. 141; State v. Overton, 24 N. J. L. 453; Mitchell v. Vermont Copper Mining Co., 40 N. Y. Superior Ct. 406.

*M. Hampton Todd,* for appellee, cited: Cooper v. Lampeter Twp., 8 Watts 125; Allegheny County Workhouse v. Moore, 95 Pa. 408; Twelfth Street Market Co. v. Jackson, 102 Pa. 269; Schurr v. N. Y., 18 N. Y. Supp. 454; Pacific Rolling Mill v. Dayton, 5 Fed. 852; Millward-Cliff Cracker Co.'s Est., 161 Pa. 157.

OPINION BY MR. JUSTICE MOSCHZISKER, May 12, 1913:

The plaintiff claimed for the breach of a written contract of employment for one year executed by the defendant corporation through its president, in which he was guaranteed $5,000 compensation. He averred an unlawful discharge before the expiration of the year and that a large part of the compensation remained unpaid, for which he brought suit.

The trial judge gave binding instructions for the defendant, saying: "Mr. DeForest (the plaintiff) made a contract with Mr. Bailey, who was president of the ......(defendant) company. An examination of the by-laws shows that the president had no right to make any such contract. Such a contract required the approval of the board of directors; he did not have it...... Therefore the contract was a void contract unless the directors by some action of theirs, ratified the contract. I see no ratification of the contract at all. On the contrary their action was a disavowal of it. Under the circumstances, Mr. DeForest, having been paid for what he did, cannot recover the main sum in the contract, to wit, the guaranty that he would get $5,000 for the year." A verdict was rendered accordingly and the plaintiff has appealed from the judgment entered thereon. The details of the contract, the by-laws of the defendant com-

pany, and other enlightening facts are contained in a former report of this case in 236 Pa. 125.

An examination of the record and testimony satisfies us that the learned court below took a correct view of this case. When the matter was here before, in reversing a judgment entered for want of a sufficient affidavit of defense, speaking by our Brother ELKIN, we said, "The president may have exceeded his authority, and no doubt he did so, but the question still remains whether the board of directors accepted the services of appellee (the plaintiff) under the terms of the contract,......and acquiesced in the arrangement to such an extent as to operate as a ratification. In some cases this question is for the court and in others for the jury; it depends upon the facts in each particular case....... The affidavit of defense was sufficient to prevent judgment and to make it necessary for a trial upon the merits." On the facts before us at that time we were of opinion that the question of ratification would take the case to the jury, but we particularly said, "The burden will be upon the plaintiff to show such acquiescence in, knowledge of and adoption of his services by the corporation, as will warrant the jury under instructions as to the law, in finding a ratification." The present record shows that when the case came to trial the plaintiff was given ample opportunity to prove ratification, but failed to do so. The evidence now before us makes it manifest that the president had no power to enter into the contract sued upon; that the board of directors never approved it; that when the terms of the plaintiff's employment were first brought to their attention they promptly expressed their disapproval; and that, after securing the advice of counsel, they at once repudiated the contract. Counsel for the plaintiff, in his printed argument, correctly states that the material facts were "not disputed in a manner calculated to test veracity and kindred elements." Hence,

under the circumstances, no error was committed in directing a verdict for the defendant.

We are not impressed with the contention of the appellant that the action of the trial court in giving force and effect to the defendant's duly proved and undisputed by-laws constituted an interference in the internal affairs of a foreign corporation; the question simply concerned the reasonable limitations placed by the by-laws of a corporation upon the authority of its agents, and the fact that it was a foreign corporation did not enter into the determination below and can have no weight here. It remains but to say that this was not an every-day business transaction, but a contract of a special character that would naturally call for the exercise of the judgment of the board of directors; there was no evidence of a continued course of dealing between the plaintiff and the president of the defendant company, or of an abandonment of the affairs of the corporation to the management of that agent, or of a holding out to the world of the latter as vested with general authority to bind his principal, or of other exceptional facts which would raise an implication of authority in the president to enter into agreements of this nature and take the case out of the ordinary rules applicable to and controlling contracts made by agents, as defined in Twelfth St. Market Co. v. Jackson, 102 Pa. 269; Millward-Cliff Cracker Co.'s Est., 161 Pa. 157, and other like authorities.

The assignments of error are all overruled and the judgment is affirmed.