## Landis *v.* Brick & Tile Co., Inc., Appellant.

*Corporations—Officers—Authority—Contract—Case for jury.*

In an action to recover for the breach of a written contract of employment, executed by the president of defendant corporation, in its name, it appeared by the evidence produced by the plaintiff that the president was practically the sole owner of the corporation and that he entered into contracts without formally submitting them to the board of directors for their approval. It further appeared that all the directors knew that the plaintiff was employed and that the president employed him, and that the directors and stockholders were apparently willing to give the president full authority to direct the business and transact its affairs.

Under such circumstances the case was for the jury and a verdict for the plaintiff will be sustained. The defense that the president

was not authorized to enter into a contract and that the contract was not formally ratified by the board of directors is insufficient.

Where the stockholders and directors turn over to an officer the full and absolute management of all corporation affairs, and permit him to exercise unrestrained control for a long course of time without instructions from or reference to any other authority, prima facie, the official so entrusted may be taken to have power to do any act which the directors could authorize or ratify.

Argued November 18, 1925. Appeal No. 297, October T., 1925, by defendant from judgment of the Court of Common Pleas No. 1 Philadelphia County, March T., 1924, No. 7700, on verdict for plaintiff in the case of R. A. Landis v. Pennsylvania Brick & Tile Co. Inc. Before PORTER, HENDERSON, TREXLER, LINN, KELLER and GAWTHROP, JJ. Affirmed.

Assumpsit on a written contract. Before BALDRIDGE, P. J. 24th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1432.50, and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment non obstante veredicto.

*Robert J. Sterrett* and with him, *Edgar C. Van Dyke,* for appellant.

*Nathan Markmann,* and with him, *Irving Flexner,* for appellee.

PER CURIAM, February 26, 1926:

This was a suit for salary alleged to be due by defendant corporation under a written contract of employment. The case as presented at the trial required the jury to find the facts. In the charge, the evidence

with the contention of each party, was recited at length, followed by supplementary instruction in response to oral requests by counsel at the conclusion of the general charge. No assignment of error calls for separate discussion here; all are overruled on the following extracts from the opinion of the court refusing defendant's motion for judgment non obstante veredicto. "The defendant obtained its charter on January 3, 1923, which was duly recorded January 9, 1923. On January 10th the president, Lewis F. Ducker, executed a contract [in the name of the corporation] which was duly attested by the secretary, H. G. Marr, under the seal of the corporation, with the plaintiff in this case, whereby the latter was to receive Twenty-five ($25) Dollars a week for the first three or four months and thereafter not less than Thirty-five ($35) Dollars a week to such time as the plant of the defendant began operation, and from that time for a period of one year at the rate of not less than Fifty ($50) Dollars per week.

"The plaintiff had been employed in the office of the defendant from December 1, 1922, during the period of the formation thereof, and remained with the company until December 2, 1923, when he was discharged. This suit was brought to recover damages for the breach of the contract.

"The defendant denies any liability on the ground that the president was not authorized to enter into contract with the plaintiff nor was the contract thereafter formally ratified by the board of directors.

"When the contract was executed Lewis F. Ducker was not only the president and one of the three directors, but he was owner of four hundred and eighty (480) shares of stock; the other forty (40) shares were held by H. G. Marr and Nolte. The evidence adduced at the trial showed that this was largely a one-man corporation; with Ducker in control. That he, with

Marr, entered into all contracts for the purchasing of material and machinery and construction of buildings, etc. None of these transactions were ever formally submitted to the board of directors for their approval and ratification. Nolte had general information, apparently, respecting these transactions and acquiesced in the general authority that was exercised by Ducker. This raises the question as to whether or not a contract signed by the president of a corporation is binding without formal authority or express ratification upon the part of the board of directors. * * *'' It can hardly be gainsaid that in the present case all of the three directors knew that the plaintiff was employed and that the president employed him. They may not have had the knowledge of the duration of his employment or of his compensation, but the only director who did not sign the contract was frequently in the office and observed the plaintiff working and performing services for the company. It does not seem to be just to have the directors or stockholders sit by and observe one man take control and exercise complete authority over a corporation by employing necessary help and to take advantage of the work done and them disclaim his authority to employ help. Mr. Chief Justice Moschzisker, in delivering an opinion in the case of Trust Company v. Record Publishing Company, 227 Pa. 235, says 'Where the stockholders and directors turn over to an officer the full and absolute management of all corporation affairs, and permit him to exercise unrestrained control for a long course of time without instructions from or reference to any other authority, prima facie the officer so intrusted may be taken to have power to do any act which the directors could authorize or ratify.'

"The evidence adduced in this case upon the part of the plaintiff shows the extent of the interest which Ducker had, his control in the management of its

business affairs, and the apparent willingness of all of the directors and stockholders to give him the full authority to direct the business and transact its affairs. Those were questions of fact for the jury's consideration and acceptance of the truth thereof justified the finding of the verdict in favor of the plaintiff." The conclusion of the court is further supported by First National Bank v. Colonial Hotel Co., 226 Pa. 292; De Forest v. Northwest Townsite Co. 236 Pa. 125, 241 Pa. 78.

Judgment affirmed.