## Seiss, Appellant, *v.* McClintic-Marshall Corporation.

202

Argued October 9, 1936. Before SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*J. Alfred Wilner,* with him *J. Howard Brennan* and *Maurice Wechsler,* for appellant.

*P. K. Motheral,* with him *Reed, Smith, Shaw & Mc-Clay,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, November 23, 1936:

This is an action upon an alleged contract of employment. The jury found a verdict in plaintiff's favor for $7,486.82. The court below, the trial judge dissenting, entered judgment for defendant non obstante veredicto. From this action plaintiff appeals.

Prior to February, 1915, plaintiff was employed by defendant as a fitter. His wages were forty-four cents an hour. In the month mentioned, he was injured while at work in defendant's plant and was required to spend

several weeks in a hospital. He alleged that, in consideration of his refraining from bringing suit against it to recover damages for his injuries, defendant entered into an agreement with him in the month of June or July, 1915, to employ him for life. The contract was alleged to be in writing and to have been prepared and signed by the claim adjuster of defendant. It was averred by plaintiff that there was but one copy made. This was not produced at the trial and the endeavor was made to establish its terms by oral testimony. It was asserted in defendant's behalf that no such writing could be found in its files and there was no mention of it anywhere among the company's records.

In disposing of the case, we are assuming that a written agreement was entered into which contained the terms related by plaintiff. He testified, "The meaning of it was that they were supposed to take care of me in regard to suitable employment I was to do, and they were to take care of all medical attention afterwards. It said in the agreement they would take care of me for life in employment that I would be able to do."

It is not really controverted that such an unusual contract as this would have to be supported, so far as defendant is concerned, by some action of its board of directors. We think the Court of Appeals of New York in *Heaman v. E. N. Rowell Co.*, 261 N. Y. 229, 231, 185 N. E. 83, 84, has wisely summed up the judicial attitude which should exist with reference to such contracts by saying: "Alleged contracts of life employment are, however, so unusual as to have been, with rare exceptions, condemned by the courts as unreasonable and unauthorized. The president or other executive officer of a corporation has no authority as such to make a contract that one should remain in the corporate employ for life even under a general power 'to appoint, remove and fix the compensation of employees.' That any board of directors or other persons responsible for the management of a corporation should give such unusual power to an

executive officer cannot be implied. Plain language of the managing board, clearly showing that such was the intention of the corporation, coupled with power actually or impliedly vested in the corporation itself, must be found to justify such a hiring." There was no attempt to show that the directors authorized the agreement, but the contention is that they ratified it. This was the theory on which the trial judge sent the case to the jury. The evidence to show ratification was very meagre. It practically comes down to this: That the general manager of the company knew of the contract and as he was a member of the board of directors, they presumptively knew of it through him and by silence and the acceptance of plaintiff's continuing services to the company impliedly ratified the agreement. In addition, the claim adjuster testified he made an annual report of accidents to the general manager, who was also vice-president, and to the president and it is argued that, because these two officers were members of the board, the board itself had notice of the making of the agreement and impliedly ratified it. We think this does not necessarily follow. "Before unauthorized acts of an agent can be said to have been ratified by the principal, the latter must have full knowledge of all the material facts and circumstances attending the acts": *Simonin's Sons, Inc., v. American Credit Indemnity Co.*, 318 Pa. 160, 164, 177 A. 807, 808. There is very little here to show that the board had knowledge of the agreement. See also on the subject of necessary knowledge before ratification can be assumed: *Pollock v. Standard Steel Car Co.*, 230 Pa. 136, 79 A. 400; *DeForest v. Northwest Townsite Co.*, 236 Pa. 125, 84 A. 674, and 241 Pa. 78, 88 A. 293.

We do not, however, decide the case on the failure to adequately prove ratification. There are other insurmountable reasons why plaintiff cannot recover.

The contract here set up is so lacking in precision, so indefinite and vague that nothing certain about it can be formulated. "In order that a contract be enforceable

the promise or the agreement of the parties to it must be certain and explicit, so that their full intention may be ascertained to a reasonable degree of certainty": *Edgcomb v. Clough,* 275 Pa. 90, 103, 118 A. 610, 614; *McNeely v. Bookmyer,* 292 Pa. 12, 15, 140 A. 542, 543; Restatement, Contracts, sec. 32; Williston on Contracts (Rev. Ed.), sec. 42. What is "suitable employment"? Who is to determine what it is? What is implied by "any employment that I was able to do"? Without more, these words are too indefinite to predicate anything upon with certainty. As was said by Judge ELDER W. MARSHALL in writing the majority opinion of the court below: "In the contract here sued on, no rate of pay is specified; no arbiter is provided to determine what work plaintiff will be able to perform from time to time; no provision is made as to whether he shall be paid when the plant is operating and he is unable to work, or when he is able to work but the plant is closed down. Is he to be paid if there is no position which he can fill, even though he is able to perform work of some character? Who shall determine what work is 'suitable,' or when plaintiff is no longer capable of doing any suitable work? The supposed undertaking was to furnish employment for life, and yet it was left to conjecture whether such undertaking would terminate when plaintiff became incapacitated by reason of old age, or was to continue until his death."

In any employment contract if the rate of pay is uncertain it will not be enforced: *Smith v. Crum Lynne Iron & Steel Co.,* 208 Pa. 462, 57 A. 953; *Machen v. Budd Wheel Co.,* 294 Pa. 69, 143 A. 482. The indefiniteness of the contract here in question is more marked than those in *Ogden v. Phila. & West Chester Trac. Co.,* 202 Pa. 480, 52 A. 9, and *Smith v. Crum Lynne Iron & Steel Co.,* supra, both of which involved claims for life employment.

As accentuating the vagueness of the contract, there is no sufficient certainty when it comes to measuring the damages. When he was injured, plaintiff was earning

forty-four cents an hour, subsequently, and at the time he quit defendant's employ in 1929, his wages were seventy cents an hour. At what rate was he to be paid? Was he to be paid when there was no work for him to do? Was he to be paid when the plant was idle? Was he to be paid when too old to work? No definite answer can be found to these questions. Therefore, there was no way to measure the damage for the breach of the contract.

One other matter deserves some comment. The alleged agreement was entered into in 1915. He continued to work for defendant as a fitter until 1929. He says this work became too hard and defendant refused him suitable employment. He quit defendant's employ in 1929, asserting no rights under the agreement, and secured employment with a concern in Dayton, Ohio, as an inspector at an increased remuneration, ninety cents an hour. He continued at this work until January, 1932. We have grave question whether there could be a recovery if the case turned upon this feature of it. We do not decide this point, however, but place our affirmance upon the indefiniteness of the agreement and the lack of any adequate measure for the damages.

The judgment is affirmed.