**Farnsworth v. Dorcon, Inc.**

*David W. Swanson,* for plaintiffs.

*Norman D. Jaffe,* of *Galbreath, Braham, Gregg, Kirkpatrick,* with *W. Scott Calderwood,* of *Mervine & Calderwood,* for defendants.

WOLFE, P.J., September 24, 1970.—Before the court are defendants' preliminary objections in the nature of a demurrer, motion to strike and motion for a more specific complaint.

Both cases were filed separately but are founded in the same factual situation and the preliminary objections are identical to both actions. Consequently, the court consolidates the cases for purposes of this opinion.

## THE DEMURRER

A demurrer admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible therefrom, but not conclusions of law or unjustified inferences. The question to be decided upon the facts averred in the complaint is whether it shows with certainty that the law will not permit a recovery by plaintiffs.

Where a doubt exists as to whether or not a summary judgment should be entered, this should be resolved in favor of refusing to enter it: Gardner v. Allegheny Company, 382 Pa. 88; London v. Kingley, 368 Pa. 109; Adams v. Speckman, 385 Pa. 308.

Defendants' demurrer is based on four points but basically goes to two arguments, namely, (1) there is no enforceable contract between the parties and (2) there is no contract between plaintiffs and defendant, Dorr-Oliver, Inc.

Plaintiffs rely on a written instrument entitled "Dorcon Employment Contract" dated May 1, 1962.

Essentially, the instrument establishes a personal performance obligation between employer and employe involving confidential matters for fabricated metal structures.

The instrument carries a synopsis outlining in summary form the nature of the business and the urgency of knowledge and secrecy of the employe, plaintiffs in this case, to protect Dorcon from competition.

It further carries a paragraph of definitions defining "salary" and "salary amount" but does not recite any salary figures.

Acknowledgment of employment and term of employment are mutually declared between Dorcon and employe.

Duties of the employe are outlined as "The current work on which he is now engaged with Dorcon. . . ."

Other paragraphs include location, extent of service, effect of death, termination of employment, post-employment payments, restrictive covenants, severability, modification and assignment.

Finally, the instrument is signed by Dorcon, Inc. by its president and by plaintiffs.

First, to dispose of the objection that defendant, Dorr-Oliver, Inc., has been misjoined.

Plaintiffs' action is grounded in a written instrument. In this instrument there is no expression either directly or indirectly of agency between Dorcon, Inc., and Dorr-Oliver, Inc. The only reference to the latter is a recital that Dorcon is a subsidiary of Dorr-Oliver. Plaintiffs attempt to implicate Dorr-Oliver by pleading

that Dorr-Oliver caused Dorcon to be organized, Dorr-Oliver is the sole shareholder of Dorcon, Dorcon acted as the agent of Dorr-Oliver for the sole benefit of Dorr-Oliver and conclude that defendant, Dorr-Oliver, is by virtue of the foregoing, liable to plaintiffs for all damages due under the complaint. Further, plaintiffs allege Dorr-Oliver, as the sole shareholder of Dorcon, is in the process of effecting liquidation of Dorcon, and Dorr-Oliver will thereafter be the holder of all of the assets, inter alia, belonging to Dorcon.

In ruling on a demurrer, the court may not consider factual matters not disclosed in the record: Muia v. Fazzini, 416 Pa. 377.

Conversely, it is fundamental that a demurrer cannot supply a fact missing in the complaint: Bonanni v. Weston Hauling, Inc., 392 Pa. 248.

Nor can the court consider matters collateral to the pleading opposed but only such matters as arise out of the statement of claim or complaint itself: Linda Coal and Supply Company v. Tasa Coal Company, 416 Pa. 97.

In considering a demurrer, plaintiffs are not entitled to conclusions of law or unjustified inferences. The complaint does not allege fraud, accident or mistake that would justify the court in going behind the instrument.

Defendant, Dorr-Oliver, argues that the simple act of naming Dorcon as a subsidiary of Dorr-Oliver and the allegation that defendant, Dorcon, acted as the agent of, and at the instance and direction of, defendant, Dorr-Oliver, does not create any cause of action against Dorr-Oliver.

A review of the written instrument upon which plaintiffs base their action would appear to justify defendant's position.

Unquestionably, if defendant, Dorcon, Inc., was acting as an agent for Dorr-Oliver and at the instance

and direction of defendant, Dorr-Oliver, this principal-agency relationship was undisclosed to plaintiffs. In no way did plaintiffs rely upon the agency, assuming, as the court must do in the light of a demurrer, that such an agency existed.

Restatement 2d, Agency, §186, recites:

"An undisclosed principal is bound by contracts and conveyances made on his account by an agent acting within his authority, except that the principal is not bound by a contract which is under seal or which is negotiable, or upon a contract which excludes him."

Under the comment of this section is the following rationale, namely:

"The rules with reference to undisclosed principals appear to violate one of the basic theories of contracts. The relation between the principal and a person with whom the agent has made an authorized contract is spoken of as contractual, although by definition there has been no manifestation of consent by the third person to the principal or by the principal to him. In fact, the contract, in the common law sense, is between the agent and the third person. In spite of this, the law of agency finds it expedient to create rights and liabilities between the other party to the transaction and the principal as if the latter were a contracting party. It may be said that the principal becomes a party to the contract by operation of law, without the will of the third party and, in some cases, contrary to the will of the principal. . . ."

In further commenting on this section at subsection c the following comment is found:

"The principal becomes a party to the transaction only if it is proved that the agent intended to act upon his account. See §199. It is not enough that the proof shows that the one negotiating the contract acted generally for the benefit of the one sought to be charged or because of something initiated by him. The proof

must be that the one making the contract was acting as agent in a matter entrusted to him as agent. For the purpose of proving this, parol evidence is admissible, even though the contract is in writing. . . ."

In view of the foregoing and considering the allegations of the complaint of agency and accepting this as true, plaintiffs should have an opportunity to prove the allegations. If such proof is not forthcoming upon motion of defendant, Dorr-Oliver, for nonsuit or for directed verdict the same may be granted.

For the foregoing reasons, the court conludes that Dorr-Oliver has been properly joined.

Second, defendants argue that the instrument between Dorcon and plaintiffs is so vague, ambiguous and indefinite as to render it unenforceable and, in the alternative, employment is at will.

The court does not agree.

In Kirk v. Brentwood Manor Homes, Inc., 191 Pa. Superior Ct. 488, considering enforceability, the court stated, at page 492:

"It is of course true that, in order for a contract to be enforceable, the agreement of the parties must be sufficiently definite that their intention may be ascertained to a reasonable degree of certainty: Seiss v. McClintick-Marshall Corp., 324 Pa. 201, 188 A. 109. However, 'the law does not require the impossible or impracticable of those who enter into business agreements or transaction; and it is therefore well settled that the terms of a contract need not be expressed with exactness but only with reasonable certainty.' In Rossmassler v. Spielberger, 270 Pa. 30, 112 A. 876, our Supreme Court quoted with approval the following excerpt from 6 R.C.L. 645: 'The law does not favor, but leans against the destruction of contracts because of uncertainty. Therefore, the courts will, if possible, so construe the contract as to carry into effect the reasonable intention of the parties if that can be ascertained' . . ."

In the court's opinion, the instant case is not the indefiniteness found in Seiss v. McClintick-Marshall Corporation, 324 Pa. 201, relied upon, in part, by defendants, nor the case of Smith v. Crum Lynne Iron and Steel Company, 208 Pa. 462, 57 Atl. 953, and Machen v. Budd Wheel Co., 294 Pa. 69, 143 Atl. 482.

In the Smith and Machen cases, the action was on a parol contract of employment for life which not only was lacking definiteness but there was no method to determine definiteness.

In the Seiss case, the claim was on a written contract for life so utterly indefinite the court could find no reasonable basis for enforcement.

It is true these cases held that in any employment contract if the rate of pay is uncertain it will not be enforced. However, in those cases, there was no basis to ascertain the rate of pay or no reasonable way to calculate it without guess and conjecture.

The intent of the parties in the current case is clear. A reading of the four-page document establishes plaintiffs were employed by Dorcon prior to its execution. For example, the opening declaration recites:

"Employee desires the opportunity to continue to work on the confidential matters disclosed or to be disclosed by Dorcon . . ."

"Salary" is ascertainable without conjecture, under the term "Definitions": "(b) as used herein, 'salary amount' means the amount payable as salary for a month".

Obviously plaintiffs' salary was established prior to the execution of the instrument as "mutually agreed" by the parties.

Defendants argue the nature and place of the services as well as the standard upon which to evaluate the services were left to conjecture.

Again, plaintiffs' place of service was established

when the instrument was signed and the nature of the services is spelled out in the opening clause.

Defendants further argue the "term of employment" was indefinite. "Term of employment" was, under the instrument, from April 1, 1962, through April 1, 1965, and thereafter from year to year.

Paragraph 8 authorized either party to terminate the "employment" on any anniversary date, which was any April 1st after April 1, 1965. Defendants conclude, therefore, that the agreement failed to explain the apparent significant distinction between "term of employment" and "Employment."

This argument is a matter of semantics. The words speak for themselves and there does not appear to be any need for an explanation or the distinction between them when they are taken in context with the entire instrument.

Nor can the court conclude that the "employment" was at will. The parties were very careful about this in providing that either may terminate the employment on any anniversary date upon giving the other 90 days prior written notice. There is a complete discussion of this issue in Polk v. Bashline, 45 D. & C. 2d 53, at page 55:

"It is true that the law presumes a hiring at will where no definite period is expressed in the contract. (Citing cases). Naming a fixed sum as annual compensation raises no presumption that a hiring is for a year or any other definite period. (Citing cases). Despite the rigid language of the above-mentioned cases, the presumption of employment being at will may be overcome by facts and circumstances establishing an intention of the parties to establish some tenure of employment. Therefore, the general rule that a contract which does not fix a definite time for its duration of the relationship of the parties is subject to an excep-

tion if a contrary intention can be fairly derived from the contract itself. In determining this, the courts may take into consideration the surrounding circumstances, the situation of the parties, the objects they apparently had in view, and the nature of the subject matter of the agreement. After receiving such evidence, although a definite time may not be found, it may be that a reasonable time arises as the actual intention of the parties. . . ."

In the instant case, there is no necessity for the court to seek the intent of the parties as a definite time for its duration was clearly set down.

Hence, the court concludes that a cause of action has been made out against defendant, Dorcon, and defendant, Dorr-Oliver, Inc.

## THE MOTION TO STRIKE

This motion can be considered if the pleading lacks conformity to law or rule of court or because of scandalous or impertinent matter.

Defendants contend that plaintiff's complaint creates a contradiction between the allegations for damages as opposed to the contract incorporated in the complaint, by reference, that paragraph 7 of the complaint is surplusage and that the request for relief does not conform with rules of court.

Plaintiffs allege their employment was wrongfully terminated and without prior written notice on March 31, 1969, and therefore claim damages for the next annual term of one year salary from April 1, 1969, to April 1, 1970, together with an additional one-half year salary from April 1, 1970, to April 1, 1971, under paragraph 9(a) of the contract which provides that Dorcon shall pay 50 percent of employes' salary from the remaining contract period provided his employment is terminated without cause. In addition, plaintiffs claim costs of hospitalization for four quarters.

If a plaintiff claims damages to which he is not entitled, an answer may be filed accordingly. There is no law or rule of court that prevents a plaintiff from alleging what his losses are from an alleged wrongful breach of contract. He may not be correct. See Adams v. Speckman, 385 Pa. 308. See also Goodrich-Amram, §1017(b)-8 and cases therein cited, holding incorrect measure of damages is not a ground for striking a complaint.

There is merit, however, to defendants' contention that paragraph 7 of the complaint should be stricken. Paragraph 7 alleges plaintiffs were entitled to retirement and profit sharing benefits in addition to their primary contract salary.

In the court's opinion, this allegation should be pleaded as a second count or cause of action as provided under Rule 1020 of the Rules of Civil Procedure. There is no such reference to the contents of this allegation in the written instrument upon which the action is based.

Plaintiffs, in their prayer for relief, request the court retain jurisdiction until the trustee under Dorcon's retirement and profit sharing plan shall have made distribution to them. Rule 1021 of the Rules of Civil Procedure provides the pleading specify the relief the party deems himself entitled and it may be in the alternative or of several different types.

In Spadel v. Zarlinski, 39 D. & C. 2d 452, at page 457, the court held the fact that the relief requested is not justified is not a ground for attacking the complaint, as at this pleading stage plaintiff is merely required to aver the relief which he seeks and defendant is not required to plead to plaintiffs' demand for relief. However, in plaintiffs' brief their counsel acknowledges that paragraph 7A of the complaint has become moot since the filing of the complaint. Consequently, the motion to strike as to paragraph 7A will be granted.

## MORE SPECIFIC COMPLAINT

Defendants request plaintiffs aver that defendants acted through duly authorized agents.

The contract in question was signed by its president, S. F. Fino.

There is no rule that requires the pleading of agency, but the cases require such: Germantown Trust Company v. Emhardt (no. 1), 321 Pa. 561; also Chadderton v. Fitch, 8 Mercer 254; 3 Pa. Standard Pa. Pract. §122, holding in a contract action against a corporation the plaintiff must name the agent with whom he dealt.

"This is particularly true of cases in which the defendant is sought to be charged on a contract executed in his name or on his behalf by another."

From the foregoing findings and law the court makes the following order:

## ORDER

And now, September 24, 1970:

1. Defendants' demurrer is denied.

2. Paragraph 7A of the complaint is stricken and plaintiffs are directed to plead the allegations of paragraph 7B as a second count and cause of action, in the event this matter has not likewise been settled.

3. Plaintiffs are directed to plead with particularly the corporate agency between the corporate defendants and the individuals or individual acting in their behalf.

4. Plaintiffs are directed to plead with particularity the agency relationship, if any, between Dorcon, Inc., and Dorr-Oliver, Inc., and shall set forth in this regard the time and place of the formation of the agency, whether in writing or oral, the authority of defendant, Dorcon, to act as the agent for defendant, Dorr-Oliver, and the benefits, if any, Dorr-Oliver received from the formation of the contract in question.

5. Plaintiffs are granted 20 days from filing the within order to amend their complaint in accordance with this opinion and order thereon.