# Leininger *v.* Goodman, Appellant.

*Equity—Practice, Equity—Pleading—Evidence—Responsive answer—Act of May 28, 1913, P. L. 358.*

1. Since the Act of May 28, 1913, P. L. 358, it is not an indispensable requisite that plaintiff's bill, although met by a responsive answer, should be supported by the testimony of two witnesses, or what is equivalent thereto.

*License—Expenditure of money on lands of another—Implied license—Consent—Evidence—Silence—Servitude.*

2. Where an owner of land, with full knowledge of the facts, tacitly permits another repeatedly to do acts upon the land, a license may be implied from his failure to object.

3. A decree for plaintiff on bill in equity to restrain removal of pipes laid on defendant's land, is proper where the trial court finds on sufficient evidence that defendant's grantor consented to the laying of the pipes, stood by without objection when they were being laid at a large cost, subsequently conveyed plaintiff a piece of land for a powerhouse to be connected with the pipes, and that defendant had full knowledge of the whole transaction when he took title.

4. The defendant in such case takes subject to the servitude.

*Estoppel—Silence—Duty to speak—Estoppel.*

5. If a man has been silent when he ought in conscience to have spoken, he shall not be permitted to speak when conscience requires him to keep silent.

Argued February 26, 1923. Appeal, No. 222, Jan. T., 1923, by defendant, from decree of C. P. Berks Co., No. 1285, Equity Docket, 1921, on bill in equity, in case of William G. Leininger v. Charles Carroll Goodman. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Bill in equity to restrain removal of pipes laid on defendant's land. Before ENDLICH, P. J.

The opinion of the Supreme Court states the facts.

Decree for plaintiff. Defendant appealed.

*Error assigned,* inter alia, was decree, quoting it.

*W. B. Bechtel,* for appellant.—An easement or license as claimed cannot lawfully be acquired by mere tacit consent and acquiescence of the servient owner, so as to equitably estop him from asserting his legal title.

Plaintiff was a trespasser: Hepburn v. McDowell, 17 S. & R. 383; Knouff v. Thompson, 16 Pa. 357.

*Joseph R. Dickinson,* for appellee.—An estoppel may arise from conduct alone, such as standing by and seeing expenditures made: LeFevre v. LeFevre, 4 S. & R. 241.

OPINION BY MR. JUSTICE WALLING, March 19, 1923:

William G. Leininger, the plaintiff, owns a hosiery mill at Mohnton, Berks County, which formerly was, and in part still is, operated by water power. In 1918, however, he erected a powerhouse by the side of the head race and some two hundred feet west of the mill. As part of the same improvement he replaced the earth bank along the south side of the race, from the powerhouse to the mill, by a concrete wall three and a half feet wide, which also serves as a walk. Plaintiff's scheme of construction required the conveyance of steam and water in pipes from the powerhouse to the mill; this he did by placing them under the concrete wall. A. R. Anderson, owning adjoining land and that covered by the mill race, subject to the plaintiff's right to maintain the latter with banks or walls thereof, sold plaintiff a small piece of the land where the powerhouse was built. Thereafter, in 1920, Anderson sold a lot, including the land covered by the concrete wall, to Charles Carroll Goodman, the defendant; this bill in equity was brought to restrain the latter from removing the above-mentioned pipes. A preliminary injunction was granted and the case was tried upon bill, answer, replication and testimony, and resulted in a final decree making permanent the injunction; from which defendant appealed.

Plaintiff's right to maintain the head race and side walls, including that above mentioned, is conceded and the trial judge finds, upon sufficient evidence, that the pipes were placed there with the knowledge and consent of Anderson; also that he stood by, without protest, and saw plaintiff expend between three and four thousand dollars in making the improvements, including the placing of the pipes, and then conveyed the powerhouse lot to plaintiff and received the consideration. It is further found that a removal of the pipes would stop the operation of the mill, while there is no suggestion that their present location causes any damage to defendant.

Plaintiff testified Anderson expressly agreed the pipes might be placed in the wall. This is corroborated by all the circumstances, including the facts that plaintiff expended large sums of money relying upon his right to so place the pipes, that Anderson stood by and saw those expenditures made without protest, and further knowingly sold land to plaintiff to enable him to carry out his scheme of improvement, which required pipes to transfer steam and water from the powerhouse to the mill. In the face of all the admitted facts, Anderson's denial of his consent is without avail. Upon this branch of the case, the trial court finds, inter alia: "When the plaintiff bought the small strip.......from Anderson, it was with the express purpose of building a powerhouse and conveying steam from that powerhouse to the mill by means of a pipe. Not only did he have Anderson's consent thereto, but Anderson gave him the right temporarily to run the pipe overhead over the land now owned by the defendant until the concrete wall, with the pipes in it, was completed. Anderson denies that he consented, but admits that he gave temporary right to carry the pipe overhead, and he saw the work in progress, made no objection, and delivered the deed to the plaintiff after the work was done." The facts here so strongly suggest Anderson's consent as seemingly to constitute an implied license, even in the absence of evidence of an ex-

press one, for, "When the owner of land, with full knowledge of the facts, tacitly permits another repeatedly to do acts upon the land, a license may be implied from his failure to object": 25 Cyc. 642. Since the passage of the Act of May 28, 1913, P. L. 358, it is not an indispensable requisite that plaintiff's bill, although met by a responsive answer, should be supported by the testimony of two witnesses, or what is equivalent thereto.

Anderson's consent to the placing of the pipes under the wall, having been acted upon by plaintiff at great expense, constituted an irrevocable parol license (Thompson v. McElarney, 82 Pa. 174; Lacy v. Arnett, 33 Pa. 169; Ebner v. Stichter, 19 Pa. 19; Rerick v. Kern, 14 S. & R. 267; Le Fevre v. Le Fevre, 4 S. & R. 240), which, coupled with his knowledge and acquiescence, equitably estopped him from interfering with such pipes: Baldwin v. Taylor et al., 166 Pa. 507; Willis v. Swartz, 28 Pa. 413; Marsh v. Weckerly, 13 Pa. 250; M'Kelvey v. Truby, 4 W. & S. 323. Anderson should have objected, if at all, when he stood by and saw what plaintiff was doing, for it is a familiar principle in equity, "that if a man has been silent when he ought in conscience to have spoken, he shall not be permitted to speak when conscience requires him to keep silent"; quoted in Bigelow on Estoppel, p. 650; and see Chapman v. Chapman, 59 Pa. 214; Wahl v. Pitts. & West. Ry., 158 Pa. 257. But in view of the finding of an express consent, it is not necessary to determine whether silence would here have worked an estoppel.

The improvement had been made when defendant bought and there is no suggestion or pretense that it was not fully known to him, hence his rights are no greater than those of Anderson. Defendant took subject to the servitude: Cannon v. Boyd, 73 Pa. 179; Sharpe v. Scheible, 162 Pa. 341; Zell v. Universalist Society, 119 Pa. 390; Ormsby v. Pinkerton, 159 Pa. 458.

The decree is affirmed at the costs of appellant.