Langer, Appellant, v. Superior Steel Corp.

580

Argued May 3, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNING-HAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Charles G. Notari* of *Marshall, Braun & Notari,* for

appellant, cited: Harlan v. Harlan, 20 Pa. 303; Board of Foreign Missions v. Smith, 209 Pa. 361; York M. & Alloys Co. v. Cyclops S. Co., 280 Pa. 585.

*Carl E. Glock,* and with him *Robert L. Kirkpatrick* and *Reed, Smith, Shaw & McClay,* for appellee, cited: Kirksey v. Kirksey, 8 Ala. 131; Richards' Executor v. Richards, 46 Pa. 78; Kirkpatrick v. Muirhead, 16 Pa. 117.

OPINION BY BALDRIGE, J., July 14, 1932:

This is an action of assumpsit to recover damages for breach of a contract. The court below sustained questions of law raised by defendant, and entered judgment in its favor.

The plaintiff alleges that he is entitled to recover certain monthly payments provided for in the following letter:

"August 31, 1927.

"Mr. Wm. F. Langer,

"Dear Sir:

"As you are retiring from active duty with this company, as superintendent of the annealing department, on August 31st, we hope that it will give you some pleasure to receive this official letter of commendation for your long and faithful service with the Superior Steel Corporation.

"The directors have decided that you will receive a pension of $100 per month as long as you live and preserve your present attitude of loyalty to the company and its officers and are not employed in any competitive occupation. We sincerely hope that you will live long to enjoy it and that this and the other evidences of the esteem in which you are held by your fellow employees and which you will today receive

with this letter, will please you as much as it does us to bestow them.

"Cordially yours,
"(Signed) Frank R. Frost,
"President."

The defendant paid the sum of $100 a month for approximately four years when the plaintiff was notified that the company no longer intended to continue the payments.

The issue raised by the affidavit of defense is whether the letter created a gratuitous promise or an enforceable contract. It is frequently a matter of great difficulty to differentiate between promises creating legal obligations and mere gratuitous agreements. Each case depends to a degree upon its peculiar facts and circumstances. Was this promise supported by a sufficient consideration, or was it but a condition attached to a gift? If a contract was created, it was based on a consideration, and must have been the result of an agreement bargained for in exchange for a promise: Kirkpatrick v. Muirhead, 16 Pa. 117. It was held in Presbyterian Board of Foreign Missions v. Smith, 209 Pa. 361, 363, that "a test of good consideration is whether the promisee at the instance of the promisor, has done, forborne or undertaken to do anything real, or whether he has suffered any detriment or whether in return for the promise he has done something that he was not bound to do or has promised to do some act or has abstained from doing something." Mr. Justice Sadler pointed out in York M. & Alloys Co. v. Cyclops S. Co., 280 Pa. 585, that a good consideration exists if one refrains from doing anything that he has a right to do, "whether there is any actual loss or detriment to him or actual benefit to the promisor or not."

The learned court below held that there was not a sufficient consideration as the plaintiff was not bound to refrain from taking other employment, or continu-

ing his loyalty to the defendant. That he had the alternative of receiving the monthly payment or endeavoring to seek other employment does not determine the existence or non-existence of a consideration. But an agreement is not invalid for want of consideration because one party has an option while the other has not; it may be obligatory on one and optional with the other: 13 C. J. 336; York M. Alloys Co. v. Cyclops S. Co., supra.

The plaintiff, in his statement, which must be admitted as true in considering the statutory demurrer filed by defendant, alleges that he refrained from seeking employment with any competitive company, and that he complied with the terms of the agreement. By so doing, has he sustained any detriment? Was his forbearance sufficient to support a good consideration? Professor Williston, in his treatise on Contracts, sec. 112, states: ''It is often difficult to determine whether words of condition in a promise indicate a request for consideration or state a mere condition in a gratuitous promise. An aid, though not a conclusive test in determining which construction of the promise is more reasonable is an inquiry whether the happening of the condition will be a benefit to the promisor. If so, it is a fair inference that the happening was requested as a consideration ...... In case of doubt where the promisee has incurred a detriment on the faith of the promise, courts will naturally be loath to regard the promise as a mere gratuity, and the detriment incurred as merely a condition.''

It is reasonable to conclude that it is to the advantage of the defendant if the plaintiff, who had been employed for a long period of time as its superintendent in the annealing department, and who, undoubtedly, had knowledge of the methods used by the employer, is not employed by a competitive company; otherwise, such a stipulation would have been unnecessary. That must have been the inducing reason for

inserting that provision. There is nothing appearing of record, except the condition imposed by the defendant, that would have prevented this man of skill and experience from seeking employment elsewhere. By receiving the monthly payments, he impliedly accepted the conditions imposed and was thus restrained from doing that which he had a right to do. This was a sufficient consideration to support a contract.

The appellee refers to Kirksey v. Kirksey, 8 Ala. 131, which is also cited by Professor Williston in his work on Contracts, sec. 112, note 51, as a leading case on this subject under discussion. The defendant wrote his sister-in-law, the plaintiff: "If you will come down and see me, I will let you have a place to raise your family and I have more open land than I can tend; and on the account of your situation and that of your family, I feel like I want you and the children to do well." The plaintiff left her home and moved her family a distance of 67 miles to the residence of the defendant, who gave her the house and land, and after a period of two years, requested her to leave. The court held that the promise was a mere gratuity. In that case, as well as in Richards's Exr. v. Richards, 46 Pa. 78, there was no benefit to be derived by the promisor, as in the case at bar, and, therefore, a good consideration was lacking.

In this view, this contract is enforceable also on the theory of promissory estoppel. This principle has been stated by the American Law Institute in section 90 of the Restatement of the Law of Contracts, as follows: "A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." As we have already observed, the plaintiff was induced by the promises made to refrain from seeking other employment. A promissory

estoppel differs from the equitable estoppel, as it rests upon a promise to do something in the future, while the latter rests upon a statement of a present fact. We have an example of the former in Ricketts v. Scothorn, 57 Neb. 51, 77 N. W. 365, where a grandfather handed his granddaughter a note for $2,000 saying, "I have fixed out something that you have not got to work any more. None of my grandchildren work and you don't have to." The grandfather did not ask his granddaughter to give up her employment, but merely promised that she would not have to work unless she wanted to. She stopped working, relying upon getting $2,000. The court admitted that there was no consideration, but enforced the promise because it had misled the promisee in such a way that it would be unfair to her to do otherwise; thereby invoking the principle of promissory estoppel. We do not mean to state that in all cases where a gratuitous promise is made, and one relies upon it, the promisee can recover, but, if a detriment of a definite and substantial character has been incurred by the promisee, then the court may enforce the promise.

Judgment is reversed, and the defendant is hereby given permission to file an affidavit of defense to the merits of the plaintiff's claim.