Langer *v.* Superior Steel Corporation, Appellant.

Argued March 28, 1935. Before FRAZER, C. J., SIMP-SON, KEPHART, MAXEY, DREW and LINN, JJ.

*Carl E. Glock,* of *Reed, Smith, Shaw & McClay,* with him *Fred T. Ikeler,* for appellant.

*Charles G. Notari,* of *Marshall, Braun & Notari,* for appellee.

OPINION BY MR. JUSTICE LINN, April 22, 1935:

The appellee, suing for breach of alleged contract, has judgment on a verdict in his favor. The appellant denies that the transaction resulted in a contract.

The record shows that appellee had been employed by appellant some thirty-three years;[1] and that it became necessary to supersede him by "a more technical man." On July 28, 1927, the board of directors took action recorded in the minutes, in evidence, as follows: "The President explained the existing conditions in the Annealing Department. It was the consensus of opinion that the interests of the Corporation would be best served by dispensing with the services of Mr. W. F. Langer, present Foreman of the Annealing Department. Mr. Langer has been in the employ of the Company for more than thirty years and without establishing a precedent but in recognition of his loyalty and many years of faithful service, the following action was taken: On motion of Mr. Liggett, seconded by Mr. Lambie, and carried, the Treasurer was authorized until further action of the Board to pay Mr. W. F. Langer One Hundred Dollars ($100.00) per month as a retired employee."

Instead of advising the appellee, in accord with that resolution, that he would receive the payment "until further action of the board," the president sent him the following letter, on which he bases his right to recover: "August 31, 1927. Mr. Wm. F. Langer, Dear Sir: As you are retiring from active duty with this company, as Superintendent of the Annealing Department, on August 31, we hope that it will give you some pleasure to receive this official letter of commendation for your long and faithful service with the Superior Steel Corporation.

[1] He testified that immediately before retirement his compensation was "$375 a month, plus some bonus now and again."

The Directors have decided that you will receive a pension of $100.00 per month as long as you live and preserve your present attitude of loyalty to the Company and its Officers and are not employed in any competitive occupation. We sincerely hope that you will live long to enjoy it and that this and the other evidences of the esteem in which you are held by your fellow employees and which you will today receive with this letter, will please you as much as it does us to bestow them. Cordially yours, Frank R. Frost, *President."*

The monthly payments of $100 were made until October 1, 1931, when appellee was notified that they would be discontinued.

On a statutory demurrer to the statement of claim, the common pleas held that no cause of action was stated; on appeal, the Superior Court was of opinion[2] that plaintiff had sufficiently averred a contract. Thereupon appellant filed an affidavit of defense, setting forth the resolution of the board of directors, the by-laws specifying the president's authority, and the contention that the president's letter (the basis of plaintiff's claim) went further than he was authorized to go.

Though the evidence clearly showed that no authority existed in the president to make the alleged contract, the court nevertheless submitted the question to the jury. Appellant now complains that its point for binding instructions was refused and that subsequently its motion for judgment n. o. v. was dismissed. The judgment cannot be sustained.

Appellant presents several contentions, only one of which needs discussion. Assuming, without deciding, that the evidence would have supported a finding that a contract existed, if the president had been authorized to bind the corporation, as plaintiff contends, his case must fail for want of sufficient evidence that the president had authority to bind the corporation to pay the sum of $100 a month as long as appellee should live.

---

[2] 105 Pa. Superior Ct. 579, 161 A. 571.

The by-laws in evidence provided: "Article 4, Section 2. Powers [of Directors]. All the powers of the Corporation are vested in and shall be exercised by the Board of Directors, except as otherwise prescribed by statute." "Article 6, Section 2. President. The President shall preside at all meetings of the stockholders, unless the stockholders shall appoint a Chairman (who may be the President) and the President shall also preside at all meetings of the Board of Directors. He shall exercise, subject to the control of the Board of Directors, a general supervision over the affairs of the Corporation, and shall perform such other duties as may be assigned to him from time to time by the Board."

The duty "assigned to him . . . by the Board" was to notify appellee of the action to pay $100 a month "until the further action of the Board." To agree to pay a pensioned employee for life was not within article 6, section 2: DeForrest v. Northwest Townsite Co., 241 Pa. 78, 88 A. 293. Appellee would avoid this result by evidence of several directors who gave their recollection of what was said and done at the directors' meeting. Apart, now, from the uncertainty of their recollection, shown in the evidence, it is to be noted that there is no suggestion in their testimony that the minutes do not accurately record the action of the board, both as taken at the time and as subsequently approved. There is no evidence that appellant proposed to do anything more than to pay to appellee the sum of $100 a month "until further action of the board."

The judgment is reversed and is here entered for defendant.