405 A.2d 495

Joseph I. HARKINS, Sr., and Rita M. Harkins, Appellants,

v.

John ZAMICHIELI and Margaret Zamichieli.

Superior Court of Pennsylvania.

Argued Sept. 13, 1978.

Decided May 25, 1979.

402

404

Malcolm J. Harkins, III, Washington, D. C., for appellants.

George C. Brady, III, Conshohocken, submitted a brief on behalf of appellees.

Before CERCONE, SPAETH and LIPEZ, JJ.

SPAETH, Judge:

■ This appeal is from an order sustaining preliminary objections and dismissing appellant's complaint in equity. In determining whether the lower court properly dismissed the complaint, we must take as true "every well pleaded material fact set forth in the pleading . . ., as well as the inferences reasonably deducible therefrom." *Schott v. Westinghouse Electric Corp.*, 436 Pa. 279, 282, 259 A.2d 443, 445 (1969). Furthermore, we must bear in mind

the rule that preliminary objections should be sustained and a complaint dismissed only in cases which are clear and free from doubt. *Legman v. Scranton School District,* 432 Pa. 342, 247 A.2d 566 (1968); *Todd v. Skelly,* 384 Pa. 423, 120 A.2d 906 (1956); *Gardner v. Allegheny County,* 382 Pa. 88, 114 A.2d 491 (1955). To sustain preliminary objections in the nature of a demurrer, it must appear

with certainty that, upon the facts averred, the law will not permit recovery by the plaintiff. Where any doubt exists as to whether or not the preliminary objections should be sustained, that doubt should be resolved by refusing to sustain the objections. *Birl v. Philadelphia Electric Co.*, 402 Pa. 297, 167 A.2d 472 (1960); *Sun Ray Drug Co. v. Lawler*, 366 Pa. 571, 79 A.2d 262 (1951). *Id.*, 436 Pa. at 291, 259 A.2d at 449.

So read, the complaint states the following facts. Appellants are husband and wife who reside at 3016 Butler Pike, Conshohocken. They purchased this residence in 1952 from Mr. and Mrs. John Skilton, who also owned 3018 Butler Pike, the adjoining property. At the time of the purchase the boundary line between the properties was marked by a grass and sod strip approximately 6 to 8 inches wide. Parallel to the strip, on appellants' property, was a hedge, approximately 3 to 3½ feet high and extending the length of the property line. Also parallel to the strip, on the Skiltons' property, was a 10 foot wide driveway. This driveway ran to a work area at the rear of the Skiltons' property, where it widened to approximately 40 feet to provide a turnaround and parking places. In 1953, Mr. Skilton and his son Wayne, who was Mr. Skilton's business associate and agent, asked appellants for permission to widen the driveway onto appellants' property, and to transplant the shrubbery hedge, which would be removed in the operation, to the front of the Skiltons' property. Appellants agreed on the condition that they be allowed to use the portion of the widened driveway lying immediately alongside their house for parking. The Skiltons accepted this condition, the hedge was transplanted, and the driveway was widened and paved. Appellants subsequently exercised their parking privileges for more than twenty-three years without incident. During this period they contributed to the driveway's maintenance and improvement. On January 15, 1975, appellees bought the Skiltons' property. Prior and subsequent to their purchase, appellees recognized appellants' right to use the driveway for parking. Nevertheless, on July 22, 1977, appellees erect-

ed a barrier blocking the driveway, and have denied appellants use of the driveway ever since.

Appellants' complaint is stated in three counts. Count I asserts that appellants acquired an irrevocable license to use the driveway for parking in 1953, when the driveway was widened pursuant to the parol agreement between them and the Skiltons, and that this license limits the property rights of appellees as successors-in-title to the Skiltons. Count II asserts that appellants enjoy an irrevocable license to use the driveway by virtue of a separate, independent contract between appellants and appellees. Count III asserts that even if appellants' license is revocable, under the doctrine of unjust enrichment appellees may revoke it only after they have restored appellants' property to its original condition. The lower court held that an irrevocable license was not created in 1953 when the driveway was widened because appellants did not incur any expenses in connection with the widening. The lower court did not explain its dismissal of the second and third counts.

In *Pierce v. Cleland*, 133 Pa. 189, 197–98, 19 A. 352, 353 (1890), the Supreme Court stated that an irrevocable license, "while not strictly an easement, is in the nature of one. It is really a permission or license, express or implied, to use the property of another in a particular manner, or for a particular purpose. Where this permission has led the party to whom it has been given, to treat his own property in a way in which he would not otherwise have treated it, as by the erection or construction of permanent improvements thereon, it cannot be recalled to his detriment." *See also Bieber v. Zellner*, 421 Pa. 444, 220 A.2d 17 (1966); *Thompson v. McElarney*, 82 Pa. 174 (1876); *Messinger v. Washington Township*, 185 Pa.Super. 554, 137 A.2d 890 (1958). In the present case, appellants allege that in return for parking privileges, they permitted the Skiltons to transplant their shrubbery hedge and extend the driveway onto their land. Contrary to the lower court's belief, this permission constituted an expenditure that may support an irrevocable license. It is immaterial that the expenditure was not in the

form of money or labor.[1] Appellants gave the Skiltons property in return for the license. That property had a market value. We should not impose a legal distinction between forms of expenditures when no justification for the distinction exists. What is important is not the form of the expenditure, but whether the expenditure was substantial. In *Messinger v. Washington Township, supra,* we held that the expenditure of $100 in laying a pipe and drain was substantial when their value to the licensee was compared with the value of the land on which they were laid.

██ Appellees' assertion that the complaint is insufficient in not showing that the alterations to appellants' property were permanent misconstrues the nature of an irrevocable license.[2] The permanence of the alterations is important only insofar as it demonstrates a substantial investment by appellants, and an intention by appellants and the Skiltons to make the license itself permanent. *Thompson v. McElarney, supra.*

██ Since the complaint presents a question of fact as to whether appellants' expenditures were substantial, and adequately alleges that the license given to appellants was intended to be permanent, the lower court erred in dismissing Count I of the complaint. In this regard, it may be noted that the complaint further alleges that appellees had notice of the license when they bought the Skiltons' property. It is settled that successors-in-title take subject to an

1. Moreover, appellants allege that they did expend money or labor in connection with the maintenance and improvement of the driveway after it was extended. *See* ¶ 36 of the complaint.

2. This assertion also misreads the complaint. Appellees state that the alterations were not permanent because appellants' property still can be restored to its original condition. They fail to recognize, however, that the alterations have existed for more than twenty-five years, and will exist indefinitely until money and time are expended to undo them. Alterations, no matter how great, may almost always be undone if enough money is spent in the effort. As a legal matter the permanence of an alteration is not simply a function of the amount of money needed to undo it. The alterations alleged in the complaint appear to be as permanent as the alterations involved in *Messinger v. Washington Township, supra.*

irrevocable license if they had notice of the license before purchase. *Leininger v. Goodman*, 277 Pa. 75, 120 A. 772 (1923); *Messinger v. Washington Township, supra.*

 The lower court also erred in dismissing Count III of the complaint. Our courts will require a person who has been unjustly enriched at the expense of another to make restitution. *See, e. g., Schott v. Westinghouse Electric Corp., supra; Commonwealth, Department of Public Welfare v. Adams County*, 30 Pa.Cmwlth. 164, 373 A.2d 143 (1977), *rev'd on other grounds*, 481 Pa. 230, 392 A.2d 692 (1978). "[T]here must be both (1) an enrichment, and (2) an injustice resulting if recovery for enrichment is denied." *Belmont Industries v. Bechtel Corp.*, 425 F.Supp. 524, 526 n. 3 (E.D.Pa.1976). The complaint alleges that appellees are the beneficiaries of appellants' 1953 agreement with the Skiltons, whereby the Skiltons' driveway was extended onto appellants' property and the Skiltons obtained appellants' hedge, and also, that appellees have benefitted from appellants' contribution to the maintenance and improvement of the driveway. Taking these facts as true, we cannot say that injustice will not result from the denial of restitution to appellants.

 Appellees argue to us that nevertheless the dismissal of Count III was warranted on two grounds: because it fails to plead a specific amount of damages, and because in fact no adequate measure of restitutory damages exists. Since appellees did not include these grounds among their preliminary objections to the complaint, we shall not consider them. *See* Pa.R.C.P. 1028; 2 Goodrich-Amram 2d § 1028(a):1 at 238 ("Matters not raised in the objection and not disclosed before the argument, cannot be argued and will not be considered by the court.") Moreover, even if the count is deficient in these respects, amendment is the proper remedy, not dismissal. *Weinberg v. State Workmen's Ins. Fund*, 368 Pa. 76, 81 A.2d 906 (1951).

Count II of the complaint, however, was properly dismissed by the lower court. This count alleges that appellees'

purchase of the Skiltons' property was conditioned on the local zoning board granting them a variance for the use of the property. The following facts are alleged. Prior to the board's hearing on appellees' application for the variance, appellees assured appellants that they would not interfere with appellants' use of the driveway for parking, and repeated this assurance at the hearing. Appellees feared that unless these assurances were made, appellants would object at the hearing to the application. Relying on appellees' assurances, appellants did not object at the hearing, and their acquiescence to the application was a substantial factor leading to the board's granting the variance. This series of events, it is asserted, amounted to a contract by promissory estoppel that prevents appellees from refusing appellants the use of the driveway.

The principle of promissory estoppel is stated in the Restatement, Contracts § 90 as follows:

A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.

*Quoted with approval in New Eureka Amusement Co. v. Rosinsky,* 126 Pa.Super. 444, 452, 191 A. 412, 415 (1937). *See also Fedun v. Mike's Cafe, Inc.,* 204 Pa.Super. 356, 204 A.2d 776 (1964), *aff'd,* 419 Pa. 607, 213 A.2d 638 (1965); *Langer v. Superior Steel Corp.,* 105 Pa.Super. 579, 161 A. 571 (1932).[3] Here the complaint alleges a promise by appellees intended to induce appellants' forbearance, and that there was such forbearance. However, in order for there to be promissory estoppel, appellants must have been prejudiced by their reliance on appellees' assurances. *Volkwein v. Volkwein,*

---

**3.** Shepard's Pennsylvania Citations indicates that our decision in *Langer* was reversed by the Supreme Court in *Langer v. Superior Steel Corp.,* 318 Pa. 490, 178 A. 490 (1935). However, the Supreme Court's statement of the case history indicates that our decision was not reversed, but that after our decision was rendered the case proceeded to trial and was reversed by the Supreme Court on facts presented at trial.

146 Pa.Super. 265, 272–73, 22 A.2d 81 (1941). Had appellants objected at the hearing and appellees been denied their variance, appellants would have had no more than they had after appellees obtained the variance—a license to park on the driveway. The nature of that license—revocable or irrevocable—could not be affected by the outcome of the zoning proceeding. It may be true that if appellees had not obtained the variance they might not have purchased the Skiltons' property; but this possibility is difficult to assess, and in any case, even if appellees had not purchased the property, we may assume that someone else would have, and there is no guarantee that that person would not have also attempted to terminate appellants' license. *Compare Lankenau Hospital v. Madway*, 410 Pa. 268, 189 A.2d 592 (1963) (per curiam) (court sustains dismissal of complaint seeking injunction against erection of apartment building because of representations made by defendant allegedly intended to induce plaintiff's support at hearing on zoning changes).

Appellants also assert that Count II sufficiently alleges a contract between appellees and themselves based on offer and acceptance. Appellees respond that the count does not set forth the necessary consideration to support such a contract. Given that the count alleges that appellants waived their objections at the zoning board hearing on account of appellees' representations, we do not believe appellees' argument well taken. Still, the count is defective in that it fails to state that appellees' promise to honor appellants' parking privileges was conditioned on appellants' forbearance at the hearing. Such an allegation was necessary to establish an offer by appellees that created the power in appellants to conclude a contract by acceptance. *See* 1 Corbin, Contracts § 11 at 26 (1963). ("It is not enough for one party to say what he himself will promise to do; he must also say what he will do it for, that is, what the other party must do in exchange."). Mindful, however, that a complaint should be dismissed only in clear cases, and that leave to amend should be granted when there is a possible theory under which the complaint might be self-sustaining, 2

Goodrich-Amran 2d § 1028(e):2, we believe that appellants should be given the opportunity to amend Count II, if they can, to state a cause of action based on either a bilateral or unilateral contract.

Accordingly, the order of the lower court is reversed, and this case is remanded for further proceedings in accordance with this opinion.

CERCONE, President Judge, concurs in result.