## Bank of America, NA v. Little Treasures Learning Center

*Barry A. Rosen,* for plaintiff.
*P. Raymond Bartholomew,* for defendants.

HODGE, *J.,* February 3, 2011—Before the court for consideration are preliminary objections filed on behalf of the defendants, Little Treasures Learning Center and Randy L. Pitzer, in response to the amended complaint of plaintiff, Bank of America (hereinafter, "plaintiff"). After hearing argument on defendants' preliminary objections and consideration of the applicable case law, defendants' preliminary objections are sustained for the following

reasons.

An amended complaint was filed on behalf of the plaintiff on February 10, 2010. The amended complaint only listed Little Treasures Lear[ning Center] as a defendant, but included defendant Randy Pitzer in the caption of the amended complaint. The amended complaint specifically alleged that the plaintiff issued a credit card to the defendant under the terms and conditions proscribed by plaintiff and agreed to by defendant. The amended complaint further states that the defendant used the credit card, and that there is a current outstanding balance of $24,688.47. Plaintiff asserted that the defendant has failed/refused to pay the remaining balance, and claimed damages in the amount of $24,688.47.

Defendants subsequently filed preliminary objections challenging the legal sufficiency of the amended complaint and objecting to the amended complaint being filed in excess of 20 days after defendants served plaintiff with a copy of defendants' preliminary objections. Oral argument was held on September 27, 2010 before the Honorable Judge J. Craig Cox. Plaintiff did not appear for the scheduled argument, nor did plaintiff file a response or a brief to defendants' preliminary objections. Consequently, the court sustained defendants' preliminary objection as to the lack of legal sufficiency of the amended complaint and dismissed defendants' preliminary objection regarding plaintiff's untimely filing of the amended complaint. Plaintiff was additionally granted 20 days to file a second amended complaint.

On that same day, September 27, 2010, plaintiff did in fact file a second amended complaint. Defendant

responded by filing preliminary objections to the second amended complaint, which again challenged the legal sufficiency of the complaint and asserted that the second amended complaint failed to resolve the objections sustained by the order of court issued by the Honorable Judge Cox. Oral argument was held before this court on defendants' preliminary objections to the Second amended complaint and the matter is now before the court for a determination.

Each of defendants' preliminary objections is raised in the nature of a demurrer. Pennsylvania Rules of Civil Procedure, Rule 1028(a)(4) allows for preliminary objections based on legal insufficiency of a pleading. It is well established in Pennsylvania law that a preliminary objection in the nature of a demurrer can be sustained and a complaint dismissed when the complaint is clearly insufficient on its face to establish the pleader's right to relief. *Cooper v. Franford Health Care System, Inc.*, 960 A.2d 134, 143 (Pa. Super. 2008); See, e.g., *Mazzagatti v. Everingham*, 512 Pa. 266, 516 A.2d 672 (1986); *County of Allegheny v. Commonwealth*, 507 Pa. 360, 490 A.2d 402 (1985); *Cianfrani v. State Employees' Retirement Board*, 505 Pa. 294, 479 A.2d 468 (1984).

In testing the legal sufficiency of a complaint, a court may only look to the pleadings itself, and may not consider testimony or other evidence outside of the complaint. *Cooper v. Franford Health Care System, Inc.*, 960 A.2d 134, 143 (Pa. Super. 2008). However, all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, must be accepted as true. *Hess v. Fox Rothchild, LLP*, 925 A.2d 798, 805 (Pa. Super. 2007); *Tucker v. Philadelphia*

*Daily News*, 757 A.2d 938, 941-42 (Pa. Super. 2000). "To sustain preliminary objections in the nature of a demurrer, it must appear with certainty that, upon the facts averred, the law will not permit recovery by the plaintiff." *Harkins v. Zamichieli*, 405 A.2d 495, 497 (Pa. Super. 1979), quoting *Schott v. Westinghouse Electric Corporation*, 436 Pa. 279, 259 A.2d 443, 445 (Pa. 1969). The sustaining of a demurrer results in the denial of a claim or the dismissal of a suit, and should therefore be sustained only in cases that are clear and free from doubt. *R.W. v. Manzek*, 585 Pa. 335, 888 A.2d 740, 749 (Pa. 2005); *Bourke v. Kazara*, 746 A.2d 642, 643 (Pa. Super. 2000).

Defendants' first preliminary objection attacks the legal sufficiency of the cardholder agreement attached to the second amended complaint. As set forth in the order of court dated September 27, 2010, the Honorable Judge Cox found the amended complaint legally insufficient, as it failed to indicate "when the account was opened, whether a signed written application was submitted by the defendant[s] nor whether Exhibit A, the credit card agreement is the one in effect during the time any purchases by the defendant[s] were allegedly made." After a careful review of the second amended complaint, the court finds these legal insufficiencies to still exist.

Rule 1019(i) of the Pennsylvania Rules of Civil Procedure requires that where

a claim or defense is based upon a writing, the pleader shall attach a *copy of the writing, or the material part thereof*, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

Pa.R.C.P. No. 1019(i) (emphasis supplied).

Furthermore, the Pennsylvania Superior Court has considered what constitutes sufficient documentation in a credit card collection action in *Atlantic Credit and Finance Inc. v. Giuliana*, 829 A.2d 340,345 (Pa. Super. 2003). In *Atlantic Credit*, plaintiff had purchased accounts owned by GM Card. Plaintiff subsequently filed a complaint alleging that the defendants were indebted to GM Card and now in debt to plaintiff for failure to pay past due accounts on their GM Card. Plaintiff, however, failed to attach any contract or cardholder agreement between GM card and the defendants, or any contract or agreement between GM Card and itself regarding the assignment to the complaint. The Superior Court stated that plaintiff's "failure to attach the writings which assertedly establish [the creditor's] right to a judgment...is fatal to the claims set forth in [the creditor's] complaint." *Atlantic Credit*, 829 A.2d at 345.

Likewise in the case sub judice, plaintiff has failed to attach a legible writing which clearly establishes plaintiff's right to a valid claim against the defendants. As a result, plaintiff's complaint again fails to repair the legal insufficiencies as previously directed by the Honorable Judge Cox. Thus, defendants' first preliminary objection based on failure to produce a legible and assignable cardholder agreement is sustained.

Defendants' second preliminary objection questions the legal sufficiency of the cause of action asserted against defendant Randy L. Pitzer. Defense counsel argues that the second amended complaint fails to set forth any cause of action against this particular defendant, again referencing

the order of court dated September 27, 2010, wherein the Honorable Judge Cox found that the amended complaint "fails to mention any alleged liability on [Randy L. Pitzer's] part."

Although the plaintiff has included a paragraph listing Randy Pitzer as a defendant in the second amended complaint, the court finds this sole amendment to be a factually generic solution to establishing liability in regards to this specific defendant. Although the plaintiff has attached a summary of monthly billing statements, as Exhibit B, wherein credit card charges and personal cash advances are listed, the second amended complaint fails to set forth with specificity the necessary averments to hold Randy Pitzer responsible for any specific portion of the debt.

Although plaintiff argues that specific portions of Exhibit B show debt incurred by defendant Randy Pitzer such as a personal cash advance in the amount of $14,000, the second amended complaint fails to reference this fact and attach any particular liability to defendant Randy Pitzer. In fact, the second amended complaint fails to distinguish in any part whether the allegations are referencing any particular defendant leaving the court to guess who the claim is being asserted upon and well beyond any reasonable inferences which may be granted by the court. Neither allegations without proof nor proof without allegations, (nor allegations and proof which do not substantially correspond) will entitle plaintiff to relief unless the defect be remedied by an amendment. *Kirshon v. Friedman*, 349 Pa. 171, 174, 36 A.2d 647, 649 (1944).

Defendants' second preliminary objection is therefore

sustained. The court will enter the attached order in accordance with this opinion dismissing plaintiff's second amended complaint with prejudice.

## ORDER OF COURT

And now, February 3, 2011, the court having heard argument on preliminary objections filed on behalf of the · defendants, Little Treasures Learning Center and Randy L. Pitzer, and with Tom Michael, Esquire, appearing on behalf of the plaintiff, Bank of America, NA, and with P. Raymond Bartholmew, Esquire, appearing on behalf of the defendants, and the court having given consideration to the arguments presented by counsel as well as any briefs submitted by the parties and in accordance with the attached opinion, it is hereby ordered and decreed as follows:

1. The preliminary objection in the nature of a demurrer as to the lack of legal sufficiency for failure to attach a clear and legible cardholder agreement issued by the plaintiff to the defendant/s is hereby sustained, as no indication is made as to when the account was opened, whether a signed written application was submitted by the defendant/s nor whether Exhibit A, the Credit Card Agreement, is the one in effect during the time any purchases by the defendant/s were allegedly made.

2. The preliminary objection in the nature of lack of legal sufficiency regarding the defendant Randy L. Pitzer is sustained, as the second amended complaint failed to set forth any cause of action against Randy L. Pitzer.

3. Plaintiff's second amended complaint is therefore

514

dismissed with prejudice.

4. The prothonotary shall properly serve notice of this order and attached opinion upon counsel of record for the parties.