## Fornataro v. Jorgensen

C.P. of Lawrence County, No. 30005 of 2013, C.A.

*Richard J. Schubert*, for plaintiffs.
*Darren M. Newberry*, for defendant.

HODGE, *J.*, November 5, 2013—Before the court for disposition are preliminary objections filed on behalf of the defendant, Jens F. Jorgensen, D.M.D. (hereinafter, "defendant"), in response to a civil complaint filed by the plaintiffs, Angelo Fornataro (hereinafter, "plaintiff") and Elaine Fornataro (hereinafter, collectively referred to as "plaintiffs").

By way of background, the instant action arises out of dental treatment defendant provided to plaintiff for diagnostic and surgical purposes. Plaintiff sought defendant's professional services because plaintiff was experiencing dental pain associated with a back molar. Defendant scheduled plaintiff for dental surgery to remove the infected tooth. During the procedure, defendant removed various teeth in addition to the molar which was causing plaintiff pain. Following surgery, plaintiff continued to experience severe pain. Plaintiff followed up with defendant to no avail. Plaintiff ultimately discovered that he suffered from a broken jaw.

Plaintiffs initiated the instant action on May 15, 2013 by filing a writ of summons. Defendant filed a praecipe

to file complaint on May 23, 2013, and plaintiffs filed the underlying complaint on June 26, 2013. Defendant responded by filing preliminary objections to plaintiffs' complaint on July 16, 2013. Following argument on defendant's preliminary objections, held before this court on October 28, 2013, defendant's preliminary objections are now before the court for consideration.

Defendant's first preliminary objection is made pursuant to Rule 1020(a) of the Pennsylvania Rules of Civil Procedure. Defendant specifically contends that plaintiffs' complaint makes allegations of negligence and informed consent without establishing separate causes of action for these claims.

The Pennsylvania Rules of Civil Procedure provide for a preliminary objection for failure of a pleading to conform to rule of court. Pa. R.C.P. 1028(a)(2). Rule 1020(a) specifically requires each cause of action, and any special damages related thereto, to be stated in separate counts with a corresponding demand for relief. Although failing to set forth separate counts for each cause of action is procedurally defective, such an error does not "foreclose the substantive rights of the parties." *Baranus v. Lis*, 480 A.2d 1178, 1183 (Pa.Super. 1984). A party should be permitted to cure the defect by amending their pleadings to conform to the rules of court. *Id.*

Defendant's initial objection is well founded. In plaintiffs' complaint, plaintiffs make averments to support causes of action in negligence and informed consent, but plaintiffs fail to establish separate causes of action and corresponding demands for relief. Consistent with the Superior Court of Pennsylvania's holding in *Baranus*, *supra*, it is appropriate for Plaintiffs to file a more specific complaint specifically stating the causes of action and

requested relief.

Defendant's second preliminary objection is made in the form of a demurrer. Defendant objects to the allegations of reckless conduct set forth in paragraphs 6, 6(a), 7 and 8 of plaintiffs' complaint. Defendant specifically argues that plaintiffs generally allege that the defendant acted recklessly in attempting to establish a claim for punitive damages. Defendant argues that reckless conduct is distinguishable from negligent conduct and requires specific averments of conduct well in excess of that which constitutes negligent behavior. Defendant believes that plaintiffs' complaint fails to set forth sufficient pleadings to establish reckless conduct, and that plaintiffs should therefore be precluded from seeking punitive damages.

It is well established in Pennsylvania law that a preliminary objection in the nature of a demurrer can be sustained and a complaint dismissed when the complaint is clearly insufficient on its face to establish the pleader's right to relief. *Cooper v. Franford Health Care System, Inc.*, 960 A.2d 134, 143 (Pa.Super. 2008); *See also*, *Mazzagatti v. Everingham*, 516 A.2d 672 (Pa. 1986); *County of Allegheny v. Commonwealth*, 490 A.2d 402 (Pa. 1985); *Cianfrani v. State Employees' Retirement Board*, 479 A.2d 468 (Pa. 1984).

In testing the legal sufficiency of a complaint, a court may only look to the pleadings itself, and may not consider testimony or other evidence outside of the complaint. *Cooper v. Franford Health Care System, Inc.*, 960 A.2d 134, 143 (Pa.Super. 2008). However, all well-pled allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, must be accepted as true. *Hess v. Fox Rothchild, LLP*, 925 A.2d 798, 805 (Pa.Super. 2007); *Tucker v. Philadelphia*

*Daily News*, 757 A.2d 938, 941-42 (Pa.Super. 2000). "To sustain preliminary objections in the nature of a demurrer, it must appear with certainty that, upon the facts averred, the law will not permit recovery by the plaintiff." *Harkins v. Zamichieli*, 405 A.2d 495, 497 (Pa.Super. 1979) (quoting *Schott v. Westinghouse Electric Corporation*, 259 A.2d 443, 445 (Pa. 1969). The sustaining of a demurrer results in the denial of a claim or the dismissal of a suit, and should therefore be sustained only in cases that are clear and free from doubt. *R.W. v. Manzek*, 888 A.2d 740, 749 (Pa. 2005); *Bourke v. Kazara*, 746 A.2d 642, 643 (Pa. Super.Ct. 2000).

Pennsylvania courts have always permitted a patient to recover exemplary damages in a medical malpractice case provided that the health care provider's actions are so outrageous as to rise to the level of intentional, willful, wanton, outrageous or reckless conduct. *See Medvecz v. Choi*, 569 F.2d 1221, 1227-30 (3d Cir. 1987); *Hoffman v. Memorial Osteopathic Hospital*, 492 A.2d 1382, 1386-87 (Pa.Super. 1985). In 1997, the General Assembly enacted section 812-A of the Health Care Services Malpractice Act, 40 P.S. §1301.101 et seq., which states that "[p]unitive damages may be awarded for conduct that is the result of the health care provider's willful or wanton conduct or reckless indifference to the rights of others." 40 P.S. §1301.812-A(a). The HCSMA amendments further clarify that in the context of a medical negligence claim, "[a] showing of gross negligence is insufficient to support an award of punitive damages." 40 P.S. §1301.812A(b). In that regard, section 812-A is simply a codification of well-settled common law governing exemplary damages. *See SHV Coal Inc. v. Continental Grain Co.*, 587 A.2d 702, 705 (Pa. 1991).

In *SHV Coal*, plaintiff brought an action against defendant, a former employee, alleging breach of fiduciary duty, tortious interference with prospective business relationship and conspiracy. 587 A.2d at 703. Plaintiff was successful at trial, and was awarded punitive damages. *Id.* The Superior Court of Pennsylvania reversed the trial court's finding that defendant's conduct warranted plaintiff's claim for punitive damages, and plaintiff appealed to the Supreme Court of Pennsylvania for review. *Id.*

The Supreme Court ultimately held that punitive damages are proper when a person's actions are so outrageous that intentional, willful or reckless conduct is established. *Id.* at 704. Further, the *SHV Coal* court reiterated its prior adoption of section 908(2) of the restatement (2d) of torts in *Feld v. Merriam*, 485 A.2d 742 (Pa. 1984). Section 908(2) states:

> Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause and the wealth of the defendant.

Comment (b) following Section 908 further states that reckless indifference to the rights of others and conscious action in deliberate disregard of those rights can justify punitive damages. However, Pennsylvania courts have declined to characterize reckless indifferences as equivalent to wanton or willful misconduct. *SHV Coal*, 587 A.2d at 704.

Thus, reckless conduct is better defined in comment (a) of Section 500 of the Restatement (Second) of Torts as:

(1) where the "actor knows, or has reason to know,... of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act, or to fail to act, in conscious disregard of, or indifference to, that risk;" and

(2) where the "actor has such knowledge, or reason to know, of the facts, but does not realize or appreciate the high degree of risk involved, although a reasonable man in his position would do so."

The first type of reckless conduct described above demonstrates a higher degree of culpability than the second, and is more comparable to an intentional act. *SHV Coal*, 587 A.2d at 704 (defining comment (a) to the restatement (second) of torts). Thus in order to be reckless, a person's conduct must be more than negligent. *Id.* It must not only be unreasonable, but also involve a risk of harm that substantially exceeds that of negligent conduct. *Id.* It must involve a danger that is so easily perceptible and probable that a definitive result is more apparent than the risks created through sheer negligence. *Id.* The determination of whether a person's actions arise to outrageous conduct lies within the sound discretion of the fact-finder.

Applying the standard set forth above to the case *sub judice*, the court determines that plaintiffs' complaint sets forth sufficient allegations to warrant a claim for punitive damages. Plaintiffs allege that the defendant deviated from the standard practice and procedure adopted by the applicable medical community. Plaintiffs stated that the defendant failed to conduct appropriate tests

and examinations, in addition to defendant's failure to appropriately respond to plaintiff's complaints. Plaintiffs' complaint describes extensive injuries that resulted from the medical services provided to plaintiff by defendant. Plaintiff's injuries include numbness and consequential drooling, severe pain after eating, nerve injury, disability of his jaw and impaired speech.

Viewing the complaint in its entirety, the court finds that in light of the Supreme Court's holding in *SHV Coal*, it would be improper to deny plaintiffs the ability to recover punitive damages because plaintiffs' complaint sets forth sufficient facts to establish reckless conduct. Plaintiffs aver that defendant substantially deviated from the common medical practices and procedures thereby causing plaintiff serve physical pain and injury. This explanation is sufficient to overcome defendant's preliminary objection and present the allegations to the trier of fact. Defendant's second preliminary objection is therefore overruled.

Defendant's third preliminary objection is in the form of a motion to strike, or in the alternative a request for a more specific pleading. Defendant specifically states that plaintiffs' complaint improperly pleads vague conduct in paragraphs 6(a) through 6(h). Pennsylvania is a fact-pleading jurisdiction. Consequently, a complaint must aver the material facts in a concise and summary form as required by Pa.R.C.P. 1019(a), in sufficient detail to "appraise the defendant of the nature and extent of the plaintiff's claim so that the defendant has notice of what the plaintiff intends to prove at trial and may prepare to meet such proof with his own evidence." *Weiss v. Equibank*, 460 A.2d 271, 274 - 75 (Pa.Super. 1983) (citing *Laursen v. General Hospital of Monroe County*, 393 A.2d 761 (Pa.

Super. 1978), *reversed on other grounds*, 431 A.2d 237 (Pa. 1981).

It is important to recognize that the complaint's purpose is not only to inform the opposition, but also to inform the court. One of the primary functions of pleadings is to form the issues and to restrict the proof at trial to those issues. Toleration of loose pleadings leads to confusion and uncertainty on the part of adverse parties and the court, the risk of prejudice, delay and increased costs for all concerned. Discovery is not a substitute for proper pleadings of the material facts, *Gross v. United Engineers & Constructors, Inc.*, 302 A.2d 370 (Pa.Super. 1973), although if the facts have been pled properly, the parties may be relegated to discovery for evidentiary details.

The court recognizes the judicial expression that "where the crucial facts are in the exclusive knowledge of the defendant, and the plaintiff so pleads, he should be given considerable latitude." *Line Lexington Lumber & Millwork Company, Inc. v. Pennsylvania Publishing Corp.*, 301 A.2d 684, 689 (Pa. 1973). However, as explained in *Gross v. United Engineers and Constructors, Inc.*, "[t]he rule is as stated in 2A Anderson Pa. Civil Practice 1019.8 (1969 Edition), pages 85-86: 'The pleader is not relieved of his duty of pleading the material facts on which his claim or defense is based by virtue of the circumstances that the adverse party has knowledge of such facts. It is not sufficient that the defendant knows the basis for plaintiff's claim against him as the rules require that the facts be set forth in the plaintiff's complaint.'" 302 A.2d at 372; *See also J. Reisman and Sons, Inc. v. Snyder's Potato Chips*, 31 Sumerset L.J. 77, 113 (1975). There is no bright line rule to fix the level of specificity that may be required. Each case must be examined on its facts to determine the

detail that the exercise of sound discretion should require.

In the instant case, the court's consideration weighs in favor of requiring additional detail from plaintiffs. The court is persuaded that defendant's ability to respond is hindered by the lack of specificity in pleading general descriptions of defendant's carelessness, recklessness, negligence and malpractice. In order to enable an appropriately informed and informative response, plaintiffs should provide, to the extent reasonably possible, all available detail regarding the nature of the alleged regarding defendant's conduct. Defendant's third preliminary objection is therefore sustained.

Similar to his second preliminary objection, defendant's last preliminary objection is raised in the form of a demurrer. The court incorporates by reference the applicable standards for proper analysis of such an objection as set forth above. Paragraph seven of plaintiffs' complaint states a claim for lack of informed consent. Defendant argues that plaintiffs' complaint fails to state any averments that would establish defendant failed to describe a procedure or treatment, the risks associated with the treatment and available alternative procedures. Defendant correctly references the Medical Availability and Reduction Error Act (MCARE Act), which states that:

> [c]onsent is informed if the patient has been given a description of a procedure set forth in subsection (a) and the risks and alternatives that a reasonably prudent patient would require to make an informed decision as to that procedure. The physician shall be entitled to present evidence of the description of that procedure and those risks and alternatives that a physician acting in accordance with accepted medical standards of

medical practice would provide.

40 P.S. §1303.504.

In their complaint, plaintiffs allege that defendant failed to properly advise and inform plaintiff of the risks and consequences associated with his surgery. Plaintiffs also allege that plaintiff was improperly informed of the possible complications plaintiff could incur. Additionally, plaintiffs claim that defendant removed healthy wisdom teeth without plaintiff's consent. The court believes these averments are sufficient to raise a claim for lack of informed consent.

The court will enter the following order of court consistent with this opinion:

## ORDER OF COURT

And now, this 5th day of November, 2013, with this case being before the court on this date for argument on defendant's preliminary objections, with Richard J. Schubert, Esquire, appearing and representing the plaintiffs, Angelo and Elaine Fornataro; and with Darren M. Newberry, Esquire, appearing and representing the defendant, Jens F. Jorgensen, D.M.D., and after considering the arguments presented by counsel, as well as the briefs offered in support of their respective positions, the court hereby orders and decrees as follows:

1. Consistent with the attached opinion, defendant's first and third and fourth preliminary objections are overruled.

2. Consistent with the attached opinion, defendant's second preliminary objections is sustained.

3. Plaintiffs are granted twenty (20) days from the date this order is docketed in which to file an amended

complaint.

4. The prothonotary shall properly serve notice of this order of court upon counsel of record for the parties.